**Resolution Revoking LICENSE # 000337 WEST SIDE PAWN—880 South Robert Street.**

No. C0–98–972.

Court of Appeals of Minnesota.

Dec. 29, 1998.

Peter H. Watson, John B. Biglow, Minneapolis, for relator Joseph Gutenkauf, individually, and d/b/a West Side Pawn, Inc.

Pierre N. Regnier, Andrea J. Levine, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, Daniel J. Beeson, South St. Paul, for respondent City of West St. Paul.

Considered and decided by DAVIES, Presiding Judge, SCHUMACHER, Judge, and SHORT, Judge.

## OPINION

DAVIES, Judge.

By writ of certiorari, relator Dr. Joseph Gutenkauf appeals the revocation of his pawnbroker's license. He claims that: (1) he was denied due process because the City of West St. Paul gave him inadequate notice and hearing; and (2) the revocation was without factual support. We affirm.

## FACTS

In 1996, relator applied for and received a pawnbroker license for West Side Pawn from respondent City of West St. Paul (city). On March 3, 1998, a city fire inspector found two firearms during a routine check of West Side Pawn. The city, believing possession of the firearms violated the city code, sent relator a letter notifying him of the alleged violations and informing him that the city council would consider suspending or revoking his pawnbroker license at a meeting on April 13.

The letter, sent by first-class mail in a plain envelope, reached relator's home several days before the hearing. But relator did

not open it until after the hearing was held because he was on vacation and, on his return, he did not recognize the plain envelope as one requiring immediate attention. The city council considered the evidence before it at the April 13 meeting and voted to revoke the license. Relator did not appear at the meeting. This appeal followed.

## ISSUES

I. Did relator receive notice that afforded him due process of law?

II. Did relator receive an adequate opportunity for a full hearing?

III. Does the factual record support revocation?

## ANALYSIS

### I. Notice

■ Relator argues that he was denied adequate notice because: (1) the letter was not sent by certified mail or marked as urgent; (2) no notice was sent to the business address of West Side Pawn or to the independent contractor who ran West Side Pawn; and (3) the period of time between notice and hearing was inadequate.

If a licensee challenges an issue of law, such as the legal adequacy of the notice, our review is *de novo*. *Benton v. Mutual of Omaha Ins. Co.*, 500 N.W.2d 158, 160 (Minn. App.1993), *review denied* (Minn. July 19, 1993). This court must weigh the significance of the liberty or property interest implicated by the license revocation to determine what process is due. *Humenansky v. Minnesota Bd. of Med. Exam'rs*, 525 N.W.2d 559, 566 (Minn.App.1994), *review denied* (Minn. Feb. 14, 1995).

Due process generally requires reasonable notice and a hearing. *Goldberg v. Kelly*, 397 U.S. 254, 268–69, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970). To resolve whether additional procedural protections should have been used in a particular case, the court considers three factors:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and

the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

■ Relator claims all business-related correspondence had previously been sent to the business address of West Side Pawn and that failure to do that in this instance deprived him and other "parties of interest" of adequate notice. The city, which had no way of knowing from the license application that others had an interest in West Side Pawn, sent the revocation notice, as it does routinely, to the name and address on the pawnbroker license. The city council was revoking a license held in relator's name alone. First-class mail addressed to parties who are known to have an interest is constitutionally sufficient. *See Walker v. City of Hutchinson*, 352 U.S. 112, 116, 77 S.Ct. 200, 202, 1 L.Ed.2d 178 (1956) (holding U.S. mail sufficient to give notice, but mail cannot be expected to notify person who is "missing or unknown"). Furthermore, relator is the only complainant in this case. The other persons with an alleged interest in West Side Pawn have not joined to challenge the notice or otherwise to defend their interests. The city gave notice to the only interested party of record.

Further, there is no explicit requirement that an envelope containing notice must be marked urgent or as containing time-sensitive material. *See, e.g., Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (if notice is of nature to reasonably convey required information and afford time for response, "the constitutional requirements are satisfied"). "Actual receipt of the notice is not required to meet the due process requirement." *State v. Green*, 351 N.W.2d 42, 44 (Minn.App.1984). The city cannot be held responsible for relator's failure to read his mail.

Due process requires that a defendant must be given "adequate time to investigate the charges and prepare its defense." *Trumbull Div., Owens–Corning Fiberglass Corp. v. City of Minneapolis,* 445 F.Supp. 911, 917 (D.Minn.1978). Even if he had opened his mail only the day before the hearing, relator had adequate time to prepare for a city council revocation hearing involving simple fact issues. If preparation proved difficult, relator could, in the alternative, have asked that the matter be continued.

Having followed sufficient notice procedures, the city cannot be penalized simply because relator did not receive actual notice before the hearing. The procedures proposed by relator, such as sending notice to others, paying for certified mail, or specially marking the envelope would be an unnecessary burden on the government.[1] Relator was provided notice that satisfied due process.[2]

## II. Hearing

Relator also argues that the hearing itself was inadequate. A hearing must be meaningful and give the licensee an opportunity to respond to the charges, to present evidence, and to cross-examine witnesses under oath. *Trumbull,* 445 F.Supp. at 917. The city contends that it would have given relator an opportunity for a full hearing had he appeared. West Saint Paul City Code § 1005.23 requires that:

No license may be suspended or revoked until after a hearing is granted to the licensee. Such hearing to be held before the City Council upon due notice to the licensee stating the time and place of such hearing, together with a statement of the violation alleged to be the cause for the revocation or suspension of the license.

The city claims these procedures are consistently followed at city council hearings when revoking a license. We cannot presume this is untrue. Relator, having had

proper notice but having failed to appear to exercise his rights, cannot now complain.

## III. Adequate Basis for Decision

A city council's decision may be modified or reversed if the city violated constitutional provisions, exceeded its statutory authority, made its decision based on unlawful procedure, acted arbitrarily or capriciously, made an error of law, or lacked substantial evidence in view of the entire record submitted. Minn.Stat. § 14.69 (1996). Our review is confined to the record before the city council at the time it made its decision. Minn.Stat. § 14.68 (1996).

The evidence before the city council at the April 13 hearing included: (1) the investigation report; (2) the letter sent to relator; (3) a memorandum from the chief of police to the city clerk noting that the exchange of firearms violated a city ordinance; and (4) a memorandum to the city council from the city clerk. This evidence recites facts supporting the city council's finding that firearms registered to someone other than the licensed operator of West Side Pawn were illegally kept at West Side Pawn. No one appeared at the hearing to contest these facts.

Based on this record, the city council concluded that the business was being conducted "in such a manner as to constitute a menace to the health, safety and welfare of the public." The city council had a rational basis for its decision, which is, therefore, not arbitrary or capricious. *See City of Mankato v. Mahoney,* 542 N.W.2d 689, 692 (Minn.App.1996) ("Routine municipal decisions should be set aside only in those rare instances where the decision lacks any rational basis."). The decision is also supported by substantial evidence.

Relator finally argues that the city did not use the least restrictive sanction available. He cites no support for his argument that the city must so limit its sanction or that revocation was an unreasonable sanction.

---

1. A specially marked envelope might also, in some cases, implicate privacy issues.

2. It is a political question whether the city council, having satisfied due process notice, nonetheless acted unreasonably in not re-opening or

reconsidering the matter. That question is beyond judicial review. *See Uniprop Manufactured Housing, Inc. v. City of Lakeville,* 474 N.W.2d 375, 377 (Minn.App.1991) (limiting review of city council decisions to legal and factual issues), *review denied* (Minn. Oct. 11, 1991).

524

## DECISION

Relator was not denied due process. The law requires nothing more than notice through first-class mail a sufficient time before the hearing. Relator was also given an opportunity to receive an adequate hearing. The city council had sufficient evidence to support its decision, so revocation was not arbitrary or capricious.

**Affirmed.**

SHORT, Judge (concurring specially). ·

I concur only insofar as the majority concludes: (1) the City of West St. Paul did not violate Gutenkauf's due process rights when it sent notice of a license revocation hearing through regular mail to the address given on Gutenkauf's license application; (2) Gutenkauf received notice before the hearing; and (3) the city council based its revocation of Gutenkauf's license on substantial evidence. The wisdom of revoking a pawn broker's license with only a ten-day notice and hearing is not properly before us because it was raised by neither party nor the trial court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (noting appellate court must only consider issues raised below). Under these circumstances, I would affirm the City of West St. Paul's resolution to revoke Gutenkauf's pawn broker's license.

SCHUMACHER, Judge (dissenting).

I respectfully dissent. Relator is entitled to reasonable notice and a timely opportunity for a hearing. *Goldberg v. Kelly*, 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970). Precedent in this area also requires that relator be given a hearing at a "meaningful time in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). The city is required to give a licensee more than notice and a chance to speak. *Trumbull Div., Owens–Corning Fiberglass Corp. v. City of Minneapolis*, 445 F.Supp. 911, 917 (D.Minn.1978). Relator was not given these due process protections.

The balancing test from *Mathews v. Eldridge* is used by the majority to show that more extensive procedural safeguards are unnecessary. *See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976) (establishing factors to use in determining adequacy of procedural safeguards). I disagree with their application. When weighing the interests of justice against the burden of providing relator with adequate notice and a meaningful hearing, relator's interest is the larger. Postponing the hearing until the next council meeting would not be a serious burden on the city. This is especially true here where the city has the option of a temporary suspension pending the hearing. *See* West St. Paul, Minn., City Code § 1005.25 (allowing for temporary suspension before revocation hearing).

Being on vacation for a week or more at a time is not unusual. The envelope did not indicate that time-sensitive materials were enclosed. I find it unjust to deny relator a constitutionally-protected hearing where his livelihood is at stake simply because he was out of town. If we are to apply true flexibility to each case, then this case requires the city to give relator a meaningful hearing. A license revocation with ten days notice and no effort by the city to accommodate relator is not due process as required under the law. I would reverse.