Scott Thomas JOHNSON, Appellant,

v.

1996 GMC SIERRA, VIN: 1GTEK19R4TE551384, LICENSE NO.: 960NHD, Respondent.

No. C4–99–1388.

Court of Appeals of Minnesota.

Feb. 8, 2000.

Review Denied April 18, 2000.

Charles A. Ramsay, Ramsay Law Firm, Ltd., Roseville, MN; and Robert V. Jones, Bass & Carlson, Minneapolis, MN (for appellant).

Donald F. Ryan, Crow Wing County Attorney, Brainerd, MN (for respondent).

Considered and decided by TOUSSAINT, Chief Judge, CRIPPEN, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY,* Judge.

This appeal is from a judgment dismissing appellant's complaint challenging the forfeiture of his vehicle following a DWI offense. *See* Minn.Stat. § 169.1217, subd. 7 (1998). We affirm.

## FACTS

Appellant Scott Johnson was arrested for driving while intoxicated (DWI) on May 18, 1998 in Crow Wing County. The next day, the Crow Wing County Sheriff's Office served on Johnson at the Crow Wing County Jail a notice of seizure and intent to forfeit property. But the notice served on Johnson was a form notice for a drug-related forfeiture under Minn.Stat. § 609.5314, rather than a DWI-related forfeiture. The notice informed Johnson that he had to demand a judicial determination or lose any right to the property. The notice erroneously informed Johnson that he had 60 days to file the demand, whereas the DWI forfeiture statute gave him only 30 days. But Johnson filed his summons and complaint on June 17, which was within the 30–day deadline. Crow Wing County served Johnson with the correct DWI forfeiture notice on June 11.

In the complaint, Johnson argued that the forfeiture violated his rights to due process and the constitutional protection against double jeopardy, and made other claims. The parties stipulated to the facts. The district court issued an order concluding that the forfeiture did not violate the double jeopardy clause of the state constitution and that the mistake as to the seizure notice did not entitle Johnson to relief from the forfeiture. The court dismissed Johnson's complaint.

## ISSUES

I. Did respondent's procedural errors violate appellant's right to due process or

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

otherwise entitle him to relief from the forfeiture?

II. Does a DWI-related vehicle forfeiture under Minn.Stat. § 169.1217 violate the double jeopardy clause of the state constitution?

## ANALYSIS

### I. Due Process

Johnson argues that respondent Crow Wing County's failure to serve him with a notice of seizure at the time of his arrest, and its failure to serve him with the proper DWI forfeiture notice the following day (and until more than three weeks later) violated procedural due process. He also argues that the forfeiture statute requires the prosecuting authority to file a complaint against the vehicle after an owner files a demand for judicial determination. Johnson argues that respondent's failure to do so also entitles him to relief from the forfeiture.

The interpretation of a statute in resolving a constitutional challenge is a question of law subject to de novo review. *In re Blilie,* 494 N.W.2d 877, 881 (Minn. 1993). When procedural due process is at issue, we apply a three-part balancing test that weighs (1) the private interest at stake, (2) the governmental interest, and (3) the availability of additional procedural safeguards. *In re Petition of Gaus,* 578 N.W.2d 405, 407–08 (Minn.App.1998), *review denied* (Minn. July 30, 1998).

The DWI forfeiture statute requires that "[w]hen a vehicle is seized" the agency seizing the vehicle "shall serve" the driver or operator with a notice of the seizure. Minn.Stat. § 169.1217, subd. 7a(b). There is no doubt that "shall" is mandatory. *State v. Humes,* 581 N.W.2d 317, 319 (Minn.1998). But the statute does not define the scope of the duty imposed. Nor does the phrase "[w]hen a motor vehi-

Minn. Const. art. VI, § 10.

cle is seized" mean that the notice must be served immediately. Minn.Stat. § 169.1217, subd. 7 a(b); *Brandt v. Hallwood Mgmt. Co.*, 560 N.W.2d 396, 400 (Minn.App.1997). This court cannot supply a deadline or time frame that the legislature has purposely or inadvertently omitted. The statute gives the law enforcement agency "a reasonable time" to serve those who were not driving the vehicle but have title or a possessory interest. Minn.Stat. § 169.1217, subd. 7a(b). But this does not imply that service on the driver or operator must be immediate.

■ The record indicates the seizure notice was served on Johnson in jail the day following the offense. This service, before Johnson's release from custody on the DWI offense triggering the seizure, was reasonably prompt. The minimal delay did not prejudice Johnson.

■ Johnson also challenges the form of the initial notice served on him, which was a drug forfeiture notice that provided a different deadline for a demand for judicial determination, and otherwise differed from a DWI forfeiture notice. The drug forfeiture notice mistakenly served on Johnson stated he had 60 days to file a demand for a judicial determination. The DWI forfeiture statute, however, gave him only 30 days to file a demand. Minn.Stat. § 169.1217, subd. 7a(d). Nevertheless, Johnson filed his demand within the 30–day deadline, and therefore was not prejudiced by the inadvertent use of the wrong notice.

■ Johnson also argues that after he filed a demand for judicial determination, in the form of a civil complaint, respondent was required to file a complaint against the vehicle to institute a forfeiture action. The statute provides that if a claimant files a timely demand for a judicial determination, the agency "must conduct the forfeiture under subdivision 8." Minn.Stat. § 169.1217, subd. 7a(f). Subdivision 8, in turn, provides that "[a] separate complaint shall be filed against the vehicle * * *."

*Id.*, subd. 8(b). Johnson argues that these provisions, read together, require the agency to file a civil complaint even if the claimant has already filed a complaint to initiate a judicial forfeiture proceeding. We disagree.

The agency seeking forfeiture of the vehicle may proceed either by way of administrative forfeiture, under Minn.Stat. § 169.1217, subd. 7a, or judicial forfeiture, under subdivision 8. In a forfeiture commenced as an administrative forfeiture under subdivision 7a, the claimant must file a civil complaint to obtain a judicial determination. Minn.Stat. § 169.1217, subd. 7a(d). It would be absurd to require the filing of a second complaint when a forfeiture begun as an administrative forfeiture has been transformed into a judicial forfeiture by the claimant's filing of a complaint. *See generally State v. Murphy*, 545 N.W.2d 909, 916 (Minn.1996) (recognizing that in construing statute, court must presume legislature did not intend absurd or unreasonable result).

■ We recognize that civil forfeiture is an in rem proceeding directed against the property itself. *Lukkason v. 1993 Chevrolet Ext. Cab Pickup*, 590 N.W.2d 803, 806 n. 2 (Minn.App.1999), *review denied* (Minn. May 18, 1999). It would be possible, but absurdly unwieldy, to resolve conflicting claims to the vehicle asserted in separate complaints. We construe the provision in subdivision 8 for the filing of a complaint to apply only to a judicial forfeiture initiated as a judicial forfeiture by the law enforcement agency.

Johnson concedes that he was not prejudiced by respondent's failure to file a complaint. The forfeiture was in fact conducted under Minn.Stat. § 169.1217, subd. 8 as a judicial forfeiture. We decline to read the statute as imposing on respondent the superfluous duty of filing a second, and redundant, complaint.

Johnson's due process argument is without merit. He has not shown he was denied reasonable notice, a timely opportu-

nity for a hearing, the right to the representation of counsel, the opportunity to present evidence and argument, or any other essential attribute of due process. *See generally Humenansky v. Minnesota Bd. of Med. Examiners,* 525 N.W.2d 559, 565 (Minn.App.1994) (listing due process protections), *review denied* (Minn. Feb. 14, 1995).

## II. Double Jeopardy

Johnson argues that the forfeiture of his vehicle, after he had been convicted and sentenced for misdemeanor DWI, constituted double punishment in violation of the Minnesota Constitution's double jeopardy clause.

The constitutionality of a statute presents a question of law, which we review de novo. *Estate of Jones by Blume v. Kvamme,* 529 N.W.2d 335, 337 (Minn. 1995). We exercise the power to declare a statute unconstitutional with extreme caution and only when absolutely necessary. *In re Haggerty,* 448 N.W.2d 363, 364 (Minn.1989). "The party challenging a statute has the burden of demonstrating beyond a reasonable doubt a violation of some provision of the Minnesota Constitution." *Id.*

Johnson acknowledges that this court has upheld the DWI forfeiture statute against double jeopardy challenges in three recent cases. *See Lukkason,* 590 N.W.2d at 807; *City of Pine Springs v. One 1992 Harley Davidson,* 555 N.W.2d 749, 751–52 (Minn.App.1996); *City of New Hope v. 1986 Mazda 626,* 546 N.W.2d 300, 304 (Minn.App.1996). But he argues that these opinions erroneously equate Minnesota's double jeopardy clause with that of the federal constitution and that the United States Supreme Court's recent double jeopardy decision in *Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) is squarely inconsistent with Minnesota's double jeopardy clause.

This court may construe a state constitutional provision more broadly than a comparable provision of the federal constitution. *State v. Wicklund,* 589 N.W.2d 793, 798 (Minn.1999). But it is a significant undertaking to do so, and one not to be undertaken merely out of disagreement with a Supreme Court opinion construing the comparable federal provision. *Id.* at 799.

The Fifth Amendment of the federal constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Our state constitution states that "no person shall be put twice in jeopardy of *punishment* for the same offense." Minn. Const. art. I, § 7 (emphasis added).

The United States Supreme Court has recently returned to its earlier view that the Double Jeopardy Clause of the Fifth Amendment applies only to criminal punishment, not to civil sanctions that could be described as punishment or that serve some of the same purposes as criminal punishment. *Hudson,* 522 U.S. 93, 118 S.Ct. at 493–95 (abrogating *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)).

Johnson argues that the delegates to the state constitutional convention sought greater protections against double jeopardy than those provided in the federal constitution. He does not cite any authority to support that view, except the slight variation in text and an inconclusive excerpt from the constitutional debates.

The state constitution refers to jeopardy of "punishment," rather than "life or limb." But Johnson cites no authority supporting his argument that this choice of words was intended to extend double jeopardy protections to civil sanctions such as the vehicle forfeiture imposed here. The Supreme Court has applied the double jeopardy clause to all forms of criminal punishment, not just capital or corporal punishment, since the 19th century. *See Ex parte Lange,* 85 U.S. (18 Wall.) 163, 172–73, 21 L.Ed. 872 (1873) (rejecting view that double jeopardy clause does not apply to mis-

demeanors); J. Morris Clark, *Civil and Criminal Penalties and Forfeitures: A Framework for Constitutional Analysis,* 60 Minn. L.Rev. 379, 394 n.47 (1976) (noting phrase "life or limb" has not been interpreted to restrict double jeopardy to capital crimes).

Johnson cites no debate on the double jeopardy clause at the state constitutional conventions, only a vote on a motion to amend the clause:

> Mr. STANNARD. The word "punishment" in that section [8] does not conform to the Constitution of the United States, and I therefore move to strike it out.

> The amendment was not agreed to.

*Debates and Proceedings of the Constitutional Convention For the Territory of Minn.* 105 (St. Paul July 24, 1858). This brief excerpt does not reveal why the delegates chose the phrase "in jeopardy of punishment" rather than "in jeopardy of life or limb" nor why they persisted in the choice despite its departure from the federal constitution.

■ A number of factors are relevant in determining whether a state constitutional provision should be more broadly construed than the comparable federal provision, including:

> variations in text, constitutional history, early state precedent construing the applicable provision of the state constitution, relatedness of the subject matter to state-level enforcement, presence of issues that are unique to the state, and a determination that a more expansive reading of the state constitution represents the better rule of law.

*State v. Harris,* 590 N.W.2d 90, 97–98 (Minn.1999). Johnson addresses only the first two factors, and argues that applying the double jeopardy clause to civil forfeiture is the "better rule of law." But, as discussed above, the first two factors do not support a more expansive reading, and disagreement with the Supreme Court's recent interpretations of the federal double jeopardy clause is not sufficient to support a broader construction.

The Minnesota Supreme Court has recently refused to construe Minnesota's free speech provision more broadly than the First Amendment of the federal constitution. *Wicklund,* 589 N.W.2d at 799. The court did so despite acknowledging a significant difference in the language of the two provisions. *Id.* at 798–99. It stated that "[m]ere preference for a different outcome is not enough" to justify a broader construction of the state constitutional provision. *Id.* at 799.

The supreme court in the past has declined to read the state double jeopardy clause more broadly than its federal counterpart. *State v. Fuller,* 374 N.W.2d 722, 727 (Minn.1985). Johnson has not provided this court with a basis to do so in the context of DWI-related vehicle forfeitures.

### DECISION

Johnson was not denied his right to procedural due process. The forfeiture of Johnson's vehicle following his conviction and sentence for DWI did not violate the double jeopardy provision of the state constitution.

**Affirmed.**