Martin A. MORALES, Relator,

v.

**DEPARTMENT OF EMPLOYMENT AND ECONOMIC DEVELOPMENT,** Respondent.

No. A05–1907.

Court of Appeals of Minnesota.

May 9, 2006.

Martin A. Morales, Eden Prairie, MN, pro se relator.

Linda A. Holmes, Department of Employment and Economic Development, St. Paul, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge; MINGE, Judge; and ROSS, Judge.

## OPINION

RANDALL, Judge.

This is a certiorari appeal from a decision of the unemployment law judge (ULJ) affirming his earlier decision that there were no statutory grounds to backdate relator's account. Relator argues that when he attempted to apply by telephone and when he was told incorrectly that he should apply later, his benefit account should be backdated to the time he first attempted to apply for benefits. We agree and reverse.

## FACTS

Relator worked full time for the American Red Cross from November 1995 through March 2, 2005, when he was laid off due to restructuring. On March 2, relator called the Department of Employment and Economic Development (DEED) to start the process of obtaining unemployment benefits. Relator told the DEED employee that he would be receiving vacation pay but was not yet sure whether he would be receiving severance pay. The DEED employee advised him that the receipt of severance pay would affect when his unemployment benefits would start. She told him to wait until his employer made a decision about severance pay and to apply for benefits then.

On May 20, the Red Cross advised relator that he would not receive any severance pay. On May 24, he contacted DEED again to establish a benefit account. He was then informed that DEED would not pay benefits retroactive to March 2 when he was first unemployed, because he had not applied then. After his May inquiry, he received written materials from DEED, which he learned for the first time he should have applied for in March.

Relator appealed this decision. The ULJ found that in March, the DEED employee told relator to file later. In spite of this, the ULJ ruled that because relator did not attempt to file an application in March, there was no statutory authority for backdating his account to that date. Relator requested reconsideration and the ULJ affirmed his initial decision to deny relator's request. This certiorari appeal followed.

## ISSUE

Is an unemployed person's attempt to apply for unemployment benefits under Minn.Stat. § 268.07, subd. 3b(a) (2004), prevented if he telephones the Department of Employment and Economic Development for information on benefits and is incorrectly told to apply at a later date?

## ANALYSIS

The facts in this case are undisputed. An appellate court will review questions of

law de novo. *Ress v. Abbott Nw. Hosp., Inc.,* 448 N.W.2d 519, 523 (Minn.1989).

An applicant's benefit account "shall be established effective the Sunday of the calendar week that the application for unemployment benefits was filed." Minn.Stat. § 268.07, subd. 3b(a) (2004). An exception exists if "an individual attempted to file an application for unemployment benefits, but was prevented from filing an application by the department." *Id.* In that case, "the benefit account shall be effective the Sunday of the calendar week the individual first attempted to file an application." *Id.*

The ULJ based his ruling on a determination that relator had not attempted to file an application in March. Relator argues that because the sole purpose of his initial call to DEED was to apply for benefits and because he relied on incorrect information that a DEED employee gave him, he should be qualified for unemployment benefits dating back to the initial date of contact.

DEED did not file a brief, advised this court that it did not agree with the ULJ's decision and, with remarkable candor, stated that in these narrow circumstances in which relator was told incorrectly not to file for benefits, and where he had no written materials at that time that would have advised him to the contrary, he was effectively prevented from filing and was now entitled to benefits.

"Attempt" is defined as: "The act or an instance of making an effort to accomplish something, esp[ecially] without success." *Black's Law Dictionary* 123 (7th ed.1999). Here, relator made a bona fide attempt to apply for benefits by telephoning the department. Relator was told by a department employee to wait until his employer made a decision whether to give relator severance pay and that relator should then apply for benefits. Like DEED, we cannot agree with the ULJ that relator was still required to do anything more under

the circumstances. Under Minn.Stat. § 268.07, subd. 3b(a), relator attempted to apply for benefits and was prevented from doing so by the department as a matter of law. His "benefit account shall be effective the Sunday of the calendar week" that he first attempted to file an application. *Id.* The court appreciates the candor of DEED in pointing out the inherent inequity of denying an application for benefits based on the department's own misinformation.

## DECISION

The decision by the ULJ affirming his earlier decision that there was no statutory authority for backdating relator's account is reversed.

**Reversed.**