Srinivasa R. BUKKURI, Relator,

v.

DEPARTMENT OF EMPLOYMENT AND ECONOMIC DEVELOPMENT, Respondent.

No. A06–706.

Court of Appeals of Minnesota.

March 27, 2007.

Srinivasa R. Bukkuri, 11215 Dogwood Road, Woodbury, MN, pro se relator.

Lee B. Nelson, Linda A. Holmes, Department of Employment and Economic

Development, St. Paul, MN, for respondent department.

Considered and decided by Chief Judge TOUSSAINT, Presiding Judge; WRIGHT, Judge; and CRIPPEN, Judge.*

## OPINION

WRIGHT, Judge.

Relator, who applied for unemployment benefits more than three months after becoming unemployed, challenges the unemployment law judge's decision that relator is not entitled to receive benefits from the date of unemployment. Rather, relator's unemployment-benefits application establishing a benefit account may be backdated only one calendar week prior to the Sunday of the week in which relator applied for unemployment benefits. We affirm.

## FACTS

Relator Srinivasa Bukkuri was employed as a software consultant for Syntel, Inc. from December 1998 until October 5, 2005. Bukkuri, a citizen of India, is a lawful, permanent resident of the United States. Bukkuri did not learn that he might qualify to receive unemployment benefits until shortly before he applied for them on January 17, 2006. In his application, Bukkuri requested that his benefit account be backdated to October 5, 2005, the date he became unemployed. The Department of Employment and Economic Development (department) denied Bukkuri's request but backdated his benefit account to January 8, 2006, which was one week prior to the application date.

Bukkuri appealed the department's determination, and a telephonic hearing was held before an unemployment law judge (ULJ). The ULJ determined that the department correctly established Bukkuri's benefit account under Minn.Stat. § 268.07, subd. 3b(a) (Supp.2005). After considering Bukkuri's request for reconsideration, the UJL affirmed his earlier decision. This certiorari appeal followed.

## ISSUE

When the period between an unemployment-benefits applicant's loss of employment and application for benefits is greater than one week, may the application and unemployment benefits be backdated to the date of unemployment rather than to one calendar week prior to the Sunday of the week the application was actually filed?

## ANALYSIS

■ Bukkuri contends that the effective date for his unemployment benefits should be the date he became unemployed, rather than only one week before the date he applied. The effective date of a benefit account is governed by Minn.Stat. § 268.07, subd. 3b(a) (Supp.2005). Thus, this case presents an issue of statutory interpretation, which we review de novo. *Associated Builders & Contractors v. Ventura,* 610 N.W.2d 293, 298 (Minn.2000); *Sorenson v. St. Paul Ramsey Med. Ctr.,* 457 N.W.2d 188, 190 (Minn.1990); *see* Minn.Stat. § 268.105, subd. 7(d)(4) (2006) (providing that court of appeals shall review ULJ's decision for error of law).

■ When interpreting a statute, we must "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2006). In doing so, we first determine whether the statute's language, on its face, is ambiguous. *Am. Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

2001). A statute's language is ambiguous only when its language is subject to more than one reasonable interpretation. *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999). We construe words and phrases according to their plain and ordinary meaning. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn.1980); *see also* Minn.Stat. § 645.08(1) (2006) (providing that words are construed according to their common usage). When the legislature's intent is clearly discernible from a statute's plain and unambiguous language, we interpret the language according to its plain meaning without resorting to other principles of statutory construction. *State v. Anderson*, 683 N.W.2d 818, 821 (Minn.2004). Because Bukkuri contests the unemployment law judge's interpretation of Minn.Stat. § 268.07, subd. 3b(a), we examine the statutory language to determine how it applies in this case.

To be eligible to receive unemployment benefits, an applicant must establish a benefit account. An applicant is not eligible to receive unemployment benefits for any week prior to the benefit account's effective date. Minn.Stat. § 268.085, subd. 2(1) (Supp.2005). Ordinarily, the effective date of a benefit account is the Sunday of the calendar week that the application for unemployment benefits was filed. Minn. Stat. § 268.07, subd. 3b(a). But "[u]pon specific request of an applicant, an application for unemployment benefits may be backdated one calendar week prior to the Sunday of the week the application was actually filed. An application shall be backdated only if the applicant was unemployed throughout the period of the backdating." *Id.*

Bukkuri contends that the ULJ erred when he concluded that, under section 268.07, subdivision 3b(a), Bukkuri is not permitted to establish the effective date of his benefit account as the date he became unemployed. But the ULJ's determination is consistent with the statute's plain meaning. Bukkuri's employment with Syntel ended on October 5, 2005. He applied for unemployment benefits approximately three months later on January 17, 2006. Because Bukkuri requested to have his benefit account backdated, the department established Bukkuri's benefit account effective January 8, 2006. The department's action is authorized by section 268.07, subdivision 3b(a), which permits the effective date of a benefit account to be set one week prior to the Sunday of the week the application was filed when (1) an applicant requests backdating, and (2) the applicant was unemployed "throughout the period of backdating."

Bukkuri maintains that he was unaware that he could apply for unemployment benefits because, as a native of India, he was not aware of his eligibility and his employer did not advise him to do so. Each employer is required to post "printed statements of an individual's right to apply for unemployment benefits in places readily accessible to workers in the employer's service." Minn.Stat. § 268.068 (2004). Bukkuri offers no evidence that Syntel failed to comply with this notice requirement. Thus, on the record presented, we cannot conclude that the employer did not comply with its statutory obligations or that this contributed to Bukkuri's delay in applying for unemployment benefits.

Bukkuri also contends that an exception should be established because of his financial hardship. But the only statutory exception to the one-week-backdating rule applies to an applicant who, unlike Bukkuri, attempted to file an application for benefits but was prevented from doing so by the department. Minn.Stat. § 268.07, subd. 3b(a); *cf. Morales v. Dep't of Employment and Econ. Dev.*, 713 N.W.2d 882, 884 (Minn.App.2006) (applying exception where relator made bona fide attempt to

file application by calling department and was misinformed that he should wait to apply). We are mindful of Bukkuri's financial hardship,[1] but we are without legal authority to supply a statutory exception that the legislature either intentionally or inadvertently omitted. *Johnson v.1996 GMC Sierra,* 606 N.W.2d 455, 458 (Minn. App.2000) (stating that "court cannot supply a deadline or time frame that the legislature has purposely or inadvertently omitted"), *review denied* (Minn. Apr. 18, 2000); *see also Brekke v. THM Biomedical, Inc.,* 683 N.W.2d 771, 781 (Minn.2004) ("We presume that the legislature's omission of additional exemption was deliberate.").

## DECISION

The unemployment law judge correctly determined that relator's application for unemployment benefits could be backdated only one calendar week prior to the Sunday of the week the application was filed.

**Affirmed.**

---

1. The record includes Bukkuri's detailed testimony regarding his financial hardship because of expenses relating to housing, medical needs, insurance, utilities, transportation, and the birth of his child.