**Daniel Stephen MYCKA, Appellant,**

v.

**2003 GMC ENVOY, MN Plate RPG535, VIN 1GKDT13S432414651, Respondent.**

No. A09–1025.

Court of Appeals of Minnesota.

June 15, 2010.

Samuel A. McCloud, Carson J. Heefner, McCloud & Heefner, P.A., Shakopee, MN, for appellant.

Carl J. Newquist, Sarah M. Kimball, Newquist & Herrick Law Offices, P.C., Fridley, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; HUDSON, Judge; and CONNOLLY, Judge.

## OPINION

JOHNSON, Judge.

The City of Fridley seized a motor vehicle belonging to Daniel Stephen Mycka following his arrest for driving while impaired. The city seized the vehicle after Mycka was released from jail and after he retrieved the vehicle from a private towing company. Mycka commenced this action in the district court to challenge the city's seizure on the ground that, without process issued by a court, the city was not authorized to seize the vehicle from him. The district court rejected Mycka's challenge and ordered the vehicle to be forfeited. We conclude that the city improperly seized Mycka's vehicle because the seizure was not "incident to a lawful arrest," as required by the applicable statute. Therefore, we reverse the order of forfeiture.

## FACTS

On Sunday, June 15, 2008, at approximately 1:55 a.m., a Fridley police officer arrested Mycka for driving while impaired (DWI). At the time of his arrest, Mycka's driver's license was subject to a restriction that prohibited him from consuming alcoholic beverages. After Mycka was arrested, his vehicle was towed from the scene of the arrest by Shorty's Towing, a private towing company, at the city's request.

Later on Sunday, Mycka was released from the Anoka County Jail. Upon being released, he was told by someone in the sheriff's department that he could retrieve his vehicle from Shorty's Towing. Mycka did so at approximately 1:00 p.m.

On the morning of Monday, June 16, 2008, Officer Jennifer Markham of the Fridley Police Department reviewed records of arrests made during the previous weekend, including records of Mycka's arrest. Officer Markham realized that, because Mycka violated the terms of his restricted license, his vehicle was subject to forfeiture. *See* Minn.Stat. § 169A.63, subds. 1(e)(2)(ii), 6(a) (2006). Officer Markham immediately called Shorty's Towing to determine whether it still possessed Mycka's vehicle, but she learned that the vehicle had been released to Mycka. Officer Markham later testified that, according to the police department's policy, Mycka's vehicle should have been towed to the city's impound lot, rather than to Shorty's Towing, to facilitate the city's commencement of forfeiture proceedings.

At approximately noon on Monday, Officer Markham and two other officers went to Mycka's residence to seize his vehicle, a GMC Envoy, which was parked outside in his driveway. The officers parked three squad cars outside Mycka's home. Officer Markham knocked on the front door. When Mycka answered the door, Officer Markham gave him written notice of the seizure and the city's intent to forfeit the vehicle. The officers allowed Mycka to remove personal property from his vehicle. The officers then loaded the vehicle onto a flatbed truck and drove away. Mycka was not placed under arrest for a second time.

On June 27, 2008, Mycka commenced this action to challenge the seizure and forfeiture pursuant to Minn.Stat. § 169A.63, subd. 8(d) (2006). He alleged, among other things, that the city did not

follow the applicable statutory procedures when seizing his vehicle because they did not obtain process from the district court and because the seizure did not occur "incident to a lawful arrest," as required by the exception to the process requirement. *See* Minn.Stat. § 169A.63, subd. 2(b)(1). In December 2008, the district court held an evidentiary hearing. In April 2009, the district court issued an order denying the relief Mycka sought. In its memorandum, the district court reasoned that the city's seizure was performed incident to Mycka's arrest. Accordingly, the district court ordered that Mycka's vehicle be "forfeited to Fridley Police Department in accordance with Minn.Stat. § 169A.63." Mycka appeals.

### ISSUE

Did the city seize Mycka's motor vehicle "incident to a lawful arrest," as that phrase is used in Minn.Stat. § 169A.63, subd. 2(b)(1)?

### ANALYSIS

■ Mycka argues that the district court erred by concluding that the city's seizure of his vehicle was performed "incident to a lawful arrest." *See* Minn.Stat. § 169A.63, subd. 2 (2006). We apply a *de novo* standard of review to the issues raised by Mycka's argument, which are matters of statutory interpretation. *Laase v.2007 Chevrolet Tahoe,* 776 N.W.2d 431, 433 (Minn.2009).

#### A.

Section 169A.63 of the Minnesota Statutes concerns the forfeiture of motor vehicles used to commit alcohol-related driving offenses. Under that statute, a motor vehicle may be forfeited under section 169A.63 in either of two circumstances. First, a motor vehicle may be forfeited "if it was used in the commission of a desig-

nated offense." Minn.Stat. § 169A.63, subd. 6(a). The term "designated offense" is defined to mean the criminal offenses of first-degree DWI, second-degree DWI, driving after a driver's license has been canceled as inimical to public safety, and violating certain restrictions on a driver's license. *See* Minn.Stat. § 169A.63, subd. 1(e) (2006). Second, a motor vehicle may be forfeited if it "was used in conduct resulting in a designated license revocation." Minn.Stat. § 169A.63, subd. 6(a). The term "designated license revocation" is defined to include, among other things, a third license revocation within ten years. *See* Minn.Stat. § 169A.63, subd. 1(d) (2006).

Section 169A.63 also provides for the seizure of motor vehicles that are subject to forfeiture. As a general rule, "A motor vehicle subject to forfeiture ... may be seized by the appropriate agency upon process issued by any court having jurisdiction over the vehicle." Minn.Stat. § 169A.63, subd. 2(a). The term "appropriate agency" is defined to mean "a law enforcement agency that has the authority to make an arrest for a violation of a designated offense or to require a test under section 169A.51." Minn.Stat. § 169A.63, subd. 1(b) (2006). If a law enforcement agency does not obtain process issued by a court, the agency may, in the alternative, seize a motor vehicle subject to forfeiture pursuant to any of three exceptions to the process requirement:

Property may be seized without process if:

(1) the seizure is incident to a lawful arrest or a lawful search;

(2) the vehicle subject to seizure has been the subject of a prior judgment in favor of the state in a criminal injunction or forfeiture proceeding under this section; or

(3) the appropriate agency has probable cause to believe that the delay occasioned by the necessity to obtain process would result in the removal or destruction of the vehicle.

Minn.Stat. § 169A.63, subd. 2(b). If a motor vehicle is seized—whether by court process pursuant to subdivision 2(a) or administratively pursuant to subdivision 2(b)—the law enforcement agency, "within a reasonable time after seizure, . . . shall serve the driver or operator of the vehicle with a notice of the seizure and intent to forfeit the vehicle." Minn.Stat. § 169A.63, subd. 8(b) (2006).

If a motor vehicle has been seized administratively, the owner of the vehicle may, within 30 days of receiving notice of the seizure, commence an action in district court to request a judicial determination as to whether the vehicle should be forfeited. Minn.Stat. § 169A.63, subd. 8(d). If a motor vehicle has not been seized administratively, a prosecuting authority may commence a civil *in rem* action in district court to obtain a judicial determination of forfeiture of the vehicle. Minn.Stat. § 169A.63, subd. 9(a), (b) (2006). The term "prosecuting authority" is defined to mean "the attorney in the jurisdiction in which the designated offense occurred who is responsible for prosecuting violations of a designated offense." Minn.Stat. § 169A.63, subd. 1(i) (2006). Regardless how the civil action is commenced, the district court shall determine whether the vehicle should be forfeited. *See generally* Minn.Stat. § 169A.63, subd. 9 (2006).

## B.

In this case, Mycka's driver's license was subject to a restriction that prohibited him from consuming alcoholic beverages. By consuming alcoholic beverages, Mycka engaged in a "designated offense." *See* Minn.Stat. § 169A.63, subd. 1(e)(2)(ii); *see also Mastakoski v.2003 Dodge Durango*, 738 N.W.2d 411, 415 (Minn.App.2007) (holding that driver need not "be convicted of a designated offense for the vehicle used to be subject to forfeiture"), *review denied* (Minn. Nov. 21, 2007). The city sought to effect an administrative seizure of the vehicle, without obtaining court process, pursuant to subdivision 2(b). Mycka commenced a civil action pursuant to subdivision 8(d) to challenge the administrative forfeiture and to obtain a judicial determination that the vehicle should not be forfeited. The primary issue in the district court, and the sole issue on appeal, is whether the city seized Mycka's vehicle "incident to a lawful arrest," as required by Minn.Stat. § 169A.63, subd. 2(b)(1). Mycka does not argue that the arrest was not lawful; rather, he argues that the seizure was not "incident to" the arrest.

The legislature did not define the phrase "incident to a lawful arrest" within section 169A.63. One leading dictionary defines the word "incident," in its adjectival form, to mean "naturally happening or appertaining, esp. as a subordinate or subsidiary feature," "[d]ependent on, or appertaining to, another thing," or "directly and immediately pert. to, or involved in, something else, though not an essential part of it." *Webster's New International Dictionary* 1257 (2d ed. 1946). Another dictionary defines the word "incident" to mean "[t]ending to arise or occur as a result or accompaniment" or "[r]elated to or dependent on another thing." *The American Heritage College Dictionary* 700 (4th ed. 2007). A leading legal dictionary defines the word as "arising out of, or otherwise connected with . . . something else." *Black's Law Dictionary* 830 (9th ed. 2009). These definitions clearly connote a connection between two things in which one thing is "incident" to the other thing. Furthermore, the dictionary definitions suggest a

close connection. To resolve this appeal, we must determine how close the connection must be between a person's arrest and a seizure of the person's vehicle.

The supreme court has stated that "[t]he objective of all statutory interpretation is 'to give effect to the intention of the legislature in drafting the statute'" and that "[t]he principal method of determining the legislature's intent is to rely on the plain meaning of the statute." *State v. Thompson*, 754 N.W.2d 352, 355 (Minn.2008) (quoting *State v. Iverson*, 664 N.W.2d 346, 350 (Minn.2003)). The language of section 169A.63, subdivision 2(b)(1), by itself, does not foreclose the conclusion that the city's seizure of the vehicle was conducted "incident to" Mycka's arrest. The city's position would be valid if the phrase "incident to" were defined so as to "extend to the outer limits of its definitional possibilities." *Abuelhawa v. United States*, — U.S. —, 129 S.Ct. 2102, 2105, 173 L.Ed.2d 982 (2009) (quotation omitted). Thus, the statute is ambiguous.

 Because the statute is ambiguous, we may seek to ascertain the legislature's intention by considering the provision "in context with other provisions of the same statute." *In re Welfare of J.B.*, 782 N.W.2d 535, 540 (Minn.2010) (quotation omitted). Another provision of section 169A.63 indicates that the legislature intended the meaning of the phrase "incident to a lawful arrest" to be narrower than is urged by the city in this case. The third exception to court process permits an administrative seizure of a motor vehicle if there is "probable cause to believe that the delay occasioned by the necessity to obtain process would result in the removal or destruction of the vehicle." *Id.*, subd. 2(b)(3). In this case, however, the city did not conduct the administrative seizure of Mycka's vehicle at a time or in a manner that would have prevented the removal or destruction of the vehicle. Even though the city did not seek to invoke the third exception, we should seek to interpret the first exception consistently with the third exception.

 There are no other discernible clues in the text or structure of the statute as to the scope of the phrase "incident to a lawful arrest."[1] Ultimately, this case can

---

1. We note that the language of the statute resembles language in the caselaw interpreting the Fourth Amendment to the United States Constitution, which prohibits unreasonable searches and seizures, but we nonetheless believe that the resemblance is not relevant to our interpretation of the statute. Police officers "may search a vehicle *incident to a recent occupant's arrest* ... if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, — U.S. —, 129 S.Ct. 1710, 1723, 173 L.Ed.2d 485 (2009) (emphasis added); *see also New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). We presume that the legislature had *Chimel* and *Belton* in mind when selecting the "incident to a lawful arrest" language in the bill that became section 169A.63, subdivision 2(b)(1), *see* 1992 Minn. Laws. ch. 570, art. 1, § 15, at 1953–56, because the legislature is presumed to enact statutes with full knowledge of the then-existing caselaw, *see Goodyear Tire & Rubber Co. v. Dynamic Air, Inc.*, 702 N.W.2d 237, 244 (Minn.2005); *State v. Fleming*, 724 N.W.2d 537, 540 (Minn.App.2006). Furthermore, when interpreting a word or phrase in an ambiguous statute, it may be appropriate to refer to the meaning given to that word or phrase by judicial decisions. *State v. Soto*, 378 N.W.2d 625, 628 (Minn.1985). But the Fourth Amendment caselaw has limited value in the context of this case. The *Chimel–Belton–Gant* line of cases serves a different purpose in a different context; that line of cases holds that a law enforcement officer may conduct a warrantless search of a person upon the person's arrest for the purposes of protecting the officer's safety and preserving evidence. *See Gant*, 129 S.Ct. at 1723. The

be resolved on the simple ground that the seizure occurred so late in time. The city did not initiate the administrative seizure of Mycka's vehicle while Mycka still was under arrest. Mycka was released from detention, and he retrieved his vehicle from Shorty's Towing. Not until the following day—approximately 36 hours after his arrest and approximately 24 hours after his release from the county jail—did the city's police officers seize Mycka's vehicle from his residence. There was a clear break in time between the arrest and the seizure. These facts compel the conclusion that the city did not seize Mycka's vehicle "incident to" his arrest, as required by section 169A.63, subdivision 2(b)(1).

### C.

We also must address the city's contention that its seizure of Mycka's vehicle was incident to his arrest because the seizure occurred within a reasonable time of the arrest. In support of this contention, the city relies on *Johnson v. 1996 GMC Sierra*, 606 N.W.2d 455 (Minn.App.2000), *review denied* (Minn. Apr. 18, 2000). The district court relied on *Johnson* in rejecting Mycka's challenge, and the city's contention on appeal is largely repetitive of the district court's reasoning.

In *Johnson*, this court considered whether the driver-owner of a motor vehicle was given proper notice of the seizure of the vehicle. 606 N.W.2d at 457. The county served notice on Johnson on the day after his arrest, while he still was detained in the county jail. *Id.* This court rejected his challenge to the timeliness of the notice, reasoning that the service was "reasonably prompt." [2] *Id.* at 458. Johnson also challenged the notice on the ground that the county initially served the wrong form of notice and did not serve the proper form until almost one month later. *Id.* at 457. But we held that Johnson was not prejudiced by the defective notice. *Id.* at 458–59. In any event, the notice requirement at issue in *Johnson*, which now is governed by subdivision 8(b), is separate from the requirement that a seizure be performed "incident to a lawful arrest," which is found in subdivision 2(b)(1). *Johnson* has no bearing on the issue whether a seizure of a vehicle was "incident to a lawful arrest," as required by subdivision 2(b)(1). Thus, *Johnson* is inapplicable to this case.

In sum, the district court erred by concluding that the city's seizure of Mycka's vehicle was incident to his arrest and, consequently, by ordering Mycka's vehicle to be forfeited to the city.

### DECISION

The city did not seize appellant's vehicle "incident to a lawful arrest," as that phrase is used in Minn.Stat. § 169A.63, subd. 2(b)(1). Therefore, the district court's order of forfeiture is reversed.

**Reversed.**

---

statute permitting seizure of a motor vehicle "incident to a lawful arrest" of the vehicle's driver serves a different purpose. Although a statute with a "common-law term of art" generally should be interpreted according to its "established common-law meaning," term-of-art definitions should not be inserted "into contexts where they plainly do not fit." *Johnson v. United States*, —— U.S. ——, ——, 130 S.Ct. 1265, 1270, 176 L.Ed.2d 1 (2010) (cita-

tion and quotation omitted). The Fourth Amendment caselaw simply cannot be adapted to the context of this case.

**2.** After *Johnson*, the legislature amended the statute to require notice of seizure "within a reasonable time after seizure." 2004 Minn. Laws ch. 235, § 6, at 731; *see also* Minn.Stat. § 169A.63, subd. 8(b).