*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0298**

Eugene Boisson,
Relator,

vs.

Shepard Parking, LLC,
Respondent,

Transport Leasing Contract, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed December 7, 2015
Affirmed
Halbrooks, Judge**

Department of Employment and Economic Development
File No. 32146918-4

Peter B. Knapp, Mark D. Murphy (certified student attorney), William Mitchell Law Clinic, St. Paul, Minnesota (for relator)

Shepard Parking, LLC, St. Paul, Minnesota (respondent)

Pamela Abbate-Dattilo, Fredrikson & Byron, P.A., Minneapolis, Minnesota (for respondent Transport Leasing Contract, Inc.)

Lee B. Nelson, Timothy C. Schepers, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Hooten, Presiding Judge; Cleary, Chief Judge; and Halbrooks, Judge.

## UNPUBLISHED OPINION

**HALBROOKS**, Judge

Relator challenges the unemployment-law judge's (ULJ) decision that he received constitutionally adequate notice related to his receipt of benefits. Because we conclude that the Minnesota Department of Employment and Economic Development's (DEED) notice was reasonably calculated to apprise relator of the effects of failing to turn in a questionnaire or appeal an initial decision, we affirm.

## FACTS

Relator Eugene Boisson[1] was let go by respondent Transport Leasing Contract, Inc. (now Shepard Parking, LLC) on October 9, 2013.[2] Boisson filed for unemployment benefits with DEED in January 2014. DEED sent Boisson a request for more information on January 17, 2014. He did not receive that request. DEED sent another request on January 28, 2014, along with a notice of hearing and determinations of ineligibility. The determinations of ineligibility contained the following information:

> If you provide complete information within 20 days, this determination will be set aside and your eligibility for benefits will be determined based on information from you

[1] Boisson passed away prior to this appeal. His successor in interest is Adrienne Madson. His passing does not affect our ability to decide this case because his successor has decided to continue pursuing this appeal.

[2] Because of the change in ownership/name, there were two different cases in front of the ULJ. However, the issues in both are exactly the same. Because the opinions issued by the ULJ are identical and the timelines are identical, we decide them together.

and any other available source. If you provide information more than 20 days from now, you cannot be paid benefits for any weeks occurring before you provide information.

. . . .

This determination will become final unless an appeal is filed by Tuesday, February 18, 2014.

Boisson did not appeal within the deadline, claiming not to have understood the language above. This was in part, he argued, because the request for information was dated January 28, 2014, but it had a separate due date of January 26, 2014 printed on it. Boisson also claimed that he was confused because the request for more information and the determination of ineligibility arrived on the same day, causing him to question why he had to provide additional information if DEED had already determined him to be ineligible to receive benefits.

Boisson testified that he called DEED the same day that he received the documents. He stated that he told DEED that his life was "totally upside down," he had no car, no computer, no job, and no Internet. He indicated that he asked DEED to make a note on his account if necessary. According to Boisson, DEED told him that some delay would be fine but that he should turn in the requested information as soon as possible. Boisson did not do so.

Boisson testified that, instead, he called DEED every week and was told by the automated phone system that "you must complete and return your questionnaire you received" and that a "[f]ailure to do so may cause a delay or denial of benefits." Boisson did not submit the requested information until seven months later on September 12, 2014.

3

DEED then ended his indefinite denial status and changed his status to one eligible for benefits. He subsequently received benefits until his benefit year terminated on January 5, 2015. DEED did not grant Boisson an extension to his benefit year for the time he did not receive benefits, nor did it issue him the benefits he forfeited by not returning the questionnaire earlier.

Boisson challenged the denial of benefits. In a hearing before the ULJ, Boisson argued, in relevant part, that DEED violated his procedural due-process rights based on inadequate notice of the effect of a failure to turn in the questionnaire or file a timely appeal. The ULJ issued a decision, and later an affirmation of the decision, concluding that the determinations of ineligibility sent on January 28, 2014, "clearly stated that they would become final unless they were appealed by Tuesday, February 18, 2014." As a result, the ULJ concluded that DEED did not violate Boisson's due-process rights. The ULJ also found that Boisson had no plausible explanation for failing to turn in the requested information until seven months after the deadline. This appeal follows.

## D E C I S I O N

Boisson challenges the ULJ's decision that he received adequate notice in accordance with the Due Process Clause principles in the United States and Minnesota Constitutions. Specifically, Boisson claims that DEED provided inadequate notice of the effect of failing to turn in the questionnaires or timely appealing the initial determinations. He claims that he did not realize that DEED would determine him to be permanently ineligible for each week he did not turn in the information or file an appeal. Boisson asserted that he thought that any delay would just push back the start of his

4

benefit year or that he could update DEED later and receive back-pay for the weeks that had already passed.[3]

A ULJ's decision concerning the adequacy of notice under the Due Process Clause is a legal issue subject to de novo review. *In re W. Side Pawn*, 587 N.W.2d 521, 522 (Minn. App. 1998), *review denied* (Minn. Mar. 30, 1999). The United States and Minnesota Constitutions guarantee that "[n]o person shall . . . be deprived of life, liberty or property without due process of law." U.S. Const. amend. V.; Minn. Const. art. I, § 7. "To determine whether an individual's right to procedural due process has been violated, we first determine whether a protected liberty or property interest is implicated and then determine what process is due . . . ." *Sweet v. Comm'r of Human Servs.*, 702 N.W.2d 314, 319 (Minn. App. 2005), *review denied* (Minn. Nov. 15, 2005).

"Unemployment benefits are an entitlement protected by the constitutional right to procedural due process." *Godbout v. Dep't of Emp't & Econ. Dev.*, 827 N.W.2d 799, 802 (Minn. App. 2013). In a claim of constitutionally inadequate notice, it is the job of the appellate courts to determine whether the notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *McShane v. Comm'r of Pub. Safety*, 377 N.W.2d 479, 482-83 (Minn. App. 1985) (quotation omitted), *review denied* (Minn. Jan. 23, 1986). Phrased another way, it requires DEED to have "communicate[d] the interest at stake." *Schulte v. Transp. Unlimited, Inc.*, 354 N.W.2d 830, 834 (Minn. 1984).

---

[3] At oral argument Boisson seemed to be claiming the former because he requested pay from January 2015 to March 2015. The issue is immaterial since we conclude that DEED provided adequate notice.

The documents that DEED sent Boisson informed him that if he wished to challenge his eligibility status, he had to complete the questionnaires. The documents stated that an individual "is not eligible for unemployment benefits for any week in which the applicant fails to provide requested information about an issue that may affect the applicant's eligibility for unemployment benefits." Further, the determinations of ineligibility contained a bold heading of "Right of Appeal" that stated: "This determination will become final unless an appeal is filed by Tuesday, February 18, 2014." DEED warned Boisson within those determinations that "[i]f you provide information more than 20 days from now, you cannot be paid benefits for any weeks occurring before you provide information."

Boisson also received oral notice. When he called DEED on the day that he received the documents, the DEED representative told him to turn in the information as soon as possible. Boisson testified that the automated phone message he heard every week for seven months told him that he needed to turn in the questionnaire and that a failure to do so "may cause delay or denial of benefits." Despite the weekly reminders, Boisson did not fill out the questionnaires or file an appeal for more than six months.

Boisson primarily relies on two cases to support his claim—neither of which applies in this case. *Schulte* involved an individual who filed for unemployment benefits, but then ignored the notice of appeal from DEED because he had returned to work. 354 N.W.2d at 831. Schulte then lost his next job and could not receive unemployment benefits because of his failure to respond in the first case or pay back the benefits that he had erroneously received. *Id.* In his appeal, Schulte argued that he was not notified of

the consequences of failing to follow up with DEED. *Id.* at 832. The supreme court agreed, concluding that a rational person who received benefits and then found a new job would not have a reason to attend another hearing. *Id.* at 834.

In this case, Boisson did not receive any benefits before he submitted the questionnaires. He was still involved in DEED's processes as evidenced by his weekly calls to DEED. And he was advised multiple times that failure to submit the questionnaires could result in the denial of benefits.

This case is also unlike the second case that Boisson relies on, *Morales v. Dep't of Emp't & Econ. Dev.*, 713 N.W.2d 882 (Minn. App. 2006). In *Morales*, DEED did not file a brief in opposition to Morales's statutory (not constitutional) claim. DEED advised this court that it agreed with Morales's argument. 713 N.W.2d at 884. Further, no one disputed the ULJ's finding that a DEED representative gave Morales advice to file his claim with DEED past the deadline. *Id.* That advice prevented Morales from receiving any unemployment benefits from DEED, which resulted in Morales meeting the statutory exception. *Id.*

Here, Boisson is not relying on a statutory exception. Further, there was no finding, nor is there support in the record to indicate, that a DEED representative actively misled Boisson into failing to turn in the questionnaires. Instead, he was consistently reminded to turn in the questionnaires, and he did not.

7

We conclude that DEED consistently apprised Boisson of the interest at stake as well as the consequences of failing to turn in the questionnaires or appeal the initial determinations of ineligibility.[4] Thus, DEED's notice was constitutionally adequate.

Boisson argues in the alternative that "Minnesota law clearly provides that '[e]very determination or amended determination of benefit account must contain a prominent statement indicating in clear language the consequences of not appealing[,]'" and DEED's did not. *See* Minn. Stat. § 268.07, subd. 3(a) (2014). Boisson raises this argument for the first time on appeal. Arguments not presented to the ULJ are waived. *Thiele v. Stitch*, 425 N.W.2d 580, 582-83 (Minn. 1988) ("An appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence below."). Consequently, we do not address it.

**Affirmed.**

---

[4] This is not to say that there is no room for improvement. DEED admitted at oral argument that the forms could be clearer.