**John K. GARDE, Respondent,**

**v.**

**ONE 1992 FORD EXPLORER XLT MOTOR VEHICLE, VIN No. 1FMDU34X3NUC11624, Minnesota License No. FHW 406, Defendant,**

**City of Richfield, Appellant.**

**No. C5–02–2142.**

Court of Appeals of Minnesota.

June 3, 2003.

Martin J. Costello, Russell J. Platzek, Hughes & Costello, 1230 Landmark Towers, St. Paul, MN, for appellant.

Silas L. Danielson, Christopher M. Roe, Blethen, Gage & Krause, P.L.L.P., Mankato, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge, MINGE, Judge, and HUDSON, Judge.

## OPINION

HARTEN, Judge.

Appellant city challenges the district court's order granting summary judgment to respondent in a judicial forfeiture proceeding. Because we conclude that the district court lacked jurisdiction, we reverse and remand for dismissal.

## FACTS

On 20 March 2002, respondent John Garde was arrested and charged with first-degree driving while impaired (DWI). That same day, the state seized respondent's vehicle, a 1992 Ford Explorer, and served respondent with a notice of seizure and intent to forfeit vehicle. On 18 April 2002, respondent filed a demand for judicial determination of forfeiture in the district court. It is undisputed that he never served the demand for judicial review on appellant City of Richfield, the prosecuting authority with jurisdiction over the forfeiture. Respondent later pleaded guilty to second-degree DWI.

Appellant moved for summary judgment, arguing that the district court lacked jurisdiction over the matter because respondent failed to satisfy the requirements of Minn.Stat. § 169A.63, subd. 8(d) (2000), when demanding judicial review. The district court denied appellant's motion and sua sponte entered judgment for respondent, concluding that respondent was not convicted of a designated offense under the vehicle forfeiture statute. This appeal follows.

## ISSUE[1]

Did respondent's failure to comply strictly with Minn.Stat. § 169A.63, subd. 8(d) (2000), deprive the district court of jurisdiction?

## ANALYSIS

Appellant argues that the district court lacked jurisdiction because respondent failed to serve his demand for judicial determination of forfeiture as required by Minn.Stat. § 169A.63, subd. 8(d) (2000). Whether a district court has jurisdiction is a question of law subject to de novo review. *Strange v. 1997 Jeep Cherokee,* 597 N.W.2d 355, 357 (Minn.App.1999).

Minn.Stat. § 169A.63, subd. 8, provides:

(d) Within 30 days following service of a notice of seizure and forfeiture under this subdivision, a claimant may file a demand for judicial determination of the forfeiture. The demand must be in the form of a civil complaint and must be filed with the court administrator in the county in which the seizure occurred, together with proof of service of a copy of the complaint on the prosecuting authority having jurisdiction over the forfeiture * * *.

(e) * * * [A]n action for the return of a vehicle seized under this section may not be maintained by * * * any person who has been served with a notice of seizure and forfeiture unless the person has complied with this subdivision.

When the language of a statute is plain and unambiguous, we must apply its plain language. *Amaral v. Saint Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999).

The plain language of the statute provides that a claimant "may not" maintain an action for judicial determination of forfeiture without complying with the statutory requirements. Minn.Stat. § 169A.63, subd. 8(e). One requirement is that a claimant's demand for judicial re-

---

**1.** Because we conclude that the district court lacked subject-matter jurisdiction, we do not address the other issue pertaining to the "designated offense" under the forfeiture statute.

view be filed with proof of service on the prosecuting authority. *Id.*, subd. 8(d). Respondent does not dispute the district court's finding that he never served his demand on appellant. Therefore, he could not have filed proof of service when he filed his demand with the district court. Because respondent failed to comply with the statute, he may not maintain his action for judicial determination of forfeiture. *Id.*, subd. 8(e). Accordingly, the district court did not have jurisdiction over the forfeiture proceeding and should have dismissed the action. We reverse and remand to the district with instructions to dismiss this judicial forfeiture action.

## DECISION

Because respondent did not comply strictly with the service requirements of Minn.Stat. § 169A.63, subd. 8 (2000), when he failed to file service of process with his demand for judicial determination of forfeiture, the district court did not have jurisdiction over the forfeiture proceeding.

**Reversed and remanded.**

MINGE, Judge (concurring specially).

This case involves forfeiture of a motor vehicle. Forfeiture is a harsh penalty when it involves property such as a motor vehicle that has significant value and may be an economic necessity.

There are two issues on appeal I wish to address. The first is jurisdiction. I respectfully disagree with the majority on its disposition of the issue. I would not construe the statute to foreclose judicial review in the circumstances of this case. Respondent requested review within the 30 days required by law. Appellant (city attorney) had actual knowledge of the appeal. And most importantly, although the statute does require service on the city

attorney, the statute does not state that the judicial system is without jurisdiction to review the forfeiture unless the service on the city attorney is within the 30–day filing deadline.

I note that the time period for the owner to challenge the forfeiture of his property is relatively short, 30 days. In some circumstances, an abbreviated forfeiture process without judicial review will raise due process concerns. We should construe laws to minimize constitutional problems.

The second issue is whether appellant was convicted of a designated offense under the forfeiture statute, Minn.Stat. § 169A.63 (2000). Because of its ruling on the first issue the majority does not reach this second issue. However, because of my contrary conclusion, I do reach the second issue.

The district court construed the phrase "designated offense" to require conviction of first-degree driving while impaired. The statute only requires a conviction of simple driving while impaired (Minn.Stat. § 169A.20 (2000)) *"under the circumstances described in"* the first-degree driving while impaired statute.[2] Minn. Stat. § 169A.63, subd. 1(d)(1) (emphasis added). The record demonstrates that respondent actually had previous driving offenses which constituted the *circumstances* of first-degree driving while impaired. I would reverse the district court's determination that appellant was not convicted of a designated offense.

Based on my conclusion as to this second issue, I concur with the majority's reversal of the district court's determination in this matter.

---

**2.** Although Minn.Stat. § 169A.63, subd. 1(d)(1) (2000), was amended to its current version in 2001, it still includes the phrase "under the circumstances described in."