**Chad Scott MASTAKOSKI, Appellant,**

v.

**2003 DODGE DURANGO, VIN # 1D8HS78Z13F530764, Respondent.**

No. A06–2396.

Court of Appeals of Minnesota.

Sept. 11, 2007.

Rachel C. Delich–Sullivan, Hibbing, MN, for appellant.

Melanie S. Ford, St. Louis County Attorney, Thomas G. Stanley, Assistant County Attorney, Duluth, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge; RANDALL, Judge; and ROSS, Judge.

## OPINION

WILLIS, Judge.

Appellant challenges the forfeiture of his vehicle, arguing that because he was not convicted of the designated offense on which the forfeiture was based, the forfeiture was unlawful. Because we conclude that a vehicle is subject to forfeiture under the vehicle-forfeiture statute if it was used in the commission of a designated offense, even if the driver was not convicted of that offense, and because here it is undisputed that appellant committed a designated offense, we affirm.

## FACTS

On July 10, 2006, appellant Chad Mastakoski was arrested for driving while impaired (DWI). Although he took a preliminary breath test in the field, appellant refused to take an alcohol-concentration test after his arrest. Appellant had been convicted of gross-misdemeanor DWI in 2000. He was charged in the case before us with second-degree refusal to test, in violation of Minn.Stat. § 169A.20, subd. 2 (2004); and third-degree DWI, in violation of Minn.Stat. § 169A.20, subd. 1(1) (2004). Appellant's vehicle was towed, his license plates were taken, and he received a "notice of seizure and intent to forfeit vehicle." Appellant petitioned the district court for a judicial decision regarding the forfeiture of his vehicle and demanded its return, arguing that the police had no

probable cause to stop his vehicle and no articulable basis for believing that he had been drinking alcohol.

Appellant pleaded guilty to third-degree DWI, and the state dismissed the charge of second-degree refusal to test. The parties submitted to the district court, on stipulated facts, the issue of whether appellant's vehicle was lawfully forfeited. Appellant argued that because he was not convicted of second-degree refusal to test and the forfeiture was based on that designated offense, the forfeiture was unlawful. The district court concluded that appellant's vehicle was subject to forfeiture, and this appeal follows.

## ISSUES

I. Was appellant's vehicle lawfully subject to forfeiture under the vehicle-forfeiture statute even though he was not convicted of the designated offense on which the forfeiture was based?

II. Is the vehicle-forfeiture statute unconstitutionally vague?

## ANALYSIS

### I.

■ Appellant argues that because he was not convicted of second-degree refusal to test—the charge was dismissed in accordance with his plea agreement—and the forfeiture was based on that designated offense, the forfeiture was unlawful.

Resolution of this issue requires interpretation of the forfeiture statute, Minn. Stat. § 169A.63 (2006). Statutory interpretation is a question of law, subject to de novo review. *See State v. Stevenson,* 656 N.W.2d 235, 238 (Minn.2003). When interpreting a statute, the role of this court is to determine the legislature's intent. *See id.* Appellate courts must first decide whether the statute's language, on its face, is clear or ambiguous. *Id.* If a statute is unambiguous, a court must apply its plain meaning. *State by Beaulieu v. RSJ, Inc.,* 552 N.W.2d 695, 701 (Minn.1996).

The forfeiture statute provides that "[a] motor vehicle is subject to forfeiture under this section if it was used in the commission of a designated offense or was used in conduct resulting in a designated license revocation." Minn.Stat. § 169A.63, subd. 6(a) (2006). The definition of a "designated offense" includes "a violation of section 169A.20 (driving while impaired) under the circumstances described in section 169A.24 (first-degree driving while impaired), or 169A.25 (second-degree driving while impaired)." Minn.Stat. § 169A.63, subd. 1(e)(1).

There is no dispute that appellant's refusal to test while having a DWI conviction within the preceding ten years (which is within the definition of second-degree DWI) is a designated offense. In concluding that appellant's car was lawfully subject to forfeiture, the district court noted that appellant had not been convicted of refusal to test but concluded that "[t]he entire record, including this court taking judicial notice of the criminal case, establishes that [appellant] did in fact refuse to submit to chemical testing under circumstances where all of the elements of that offense, § 169A.20, subd. 2, have been established as a matter of fact" and therefore that appellant committed a designated offense under the forfeiture statute.

Appellant argues that a person must be *convicted of* a designated offense for the vehicle used to be subject to forfeiture. He relies on Minn.Stat. § 169A.63, subd. 7, entitled "Limitations on vehicle forfeiture," which provides that "[a] vehicle is presumed subject to forfeiture under this section if ... the driver is convicted of the designated offense upon which the forfei-

ture is based." Minn.Stat. § 169A.63, subd. 7(a)(1).

■ Appellant points to two district-court opinions concluding that a defendant must be convicted of a designated offense for his vehicle to be subject to forfeiture. But district-court opinions are not binding on this court. And regardless, district courts have been divided on the issue. Appellant points also to three opinions of this court concluding that a vehicle was subject to forfeiture because the driver had been convicted of a designated offense. *See City of New Brighton v. 2000 Ford Excursion*, 622 N.W.2d 364, 367 (Minn. App.2001), *review denied* (Minn. Apr. 17, 2001); *Hawes v. 1997 Jeep Wrangler*, 602 N.W.2d 874, 876 (Minn.App.1999); *City of New Hope v. 1986 Mazda 626*, 546 N.W.2d 300, 301 (Minn.App.1996). But these opinions do not address the issue of whether the vehicles would have been subject to forfeiture absent a conviction.

The state argues that the plain language of the forfeiture statute, as well as the legislative intent and the purpose of the statute (protecting the public from impaired drivers), supports a determination that a conviction is not necessary for the vehicle used in the commission of an offense to be subject to forfeiture. As the state notes, this issue has been addressed by Minnesota appellate courts only in a special concurrence in *Garde v. One 1992 Ford Explorer XLT*, 662 N.W.2d 165, 167 (Minn.App.2003). In *Garde*, the appellant's vehicle was seized after he was charged with first-degree DWI but before he had been convicted of a designated offense. He later pleaded guilty to second-degree DWI. *Id.* at 166. Because the majority determined that the appellant

had failed to properly serve his demand for judicial determination of forfeiture as the forfeiture statute requires, it declined to address whether the appellant had committed a designated offense. *Id.* at 167. But the special concurrence noted its disagreement with the district court's determination that for a vehicle to be subject to forfeiture, the driver must be convicted of first-degree DWI.[1] *Garde*, 662 N.W.2d at 167 (Minge, J., concurring specially). The statute at that time described a designated offense as a conviction of DWI "under the circumstances described in" the first-degree DWI statute. Although the driver ultimately pleaded guilty to second-degree DWI, it was undisputed that the driver had "previous driving offenses" that would have supported a conviction of first-degree DWI, so he was convicted of DWI "under the circumstances described in" the first-degree DWI statute. Therefore, the special concurrence concluded, the vehicle was subject to forfeiture even though the driver was not actually convicted of first-degree DWI. *Id.*

Although it is not precedential, the *Garde* concurrence supports an interpretation of the forfeiture statute that would not require appellant to have been convicted of the designated offense, provided that he committed the designated offense.

We agree with the district court's interpretation of the forfeiture statute. We construe a statute as a whole and interpret it, whenever possible, to give effect to all of its provisions—"no word, phrase, or sentence should be deemed superfluous, void, or insignificant." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000) (quoting *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999)). Al-

---

1. The vehicle-forfeiture statute that applied when *Garde* was decided defined a "designated offense" as a first-degree DWI. Minn.Stat. § 169A.63, subd. 1(d)(1) (2000). The defini-

tion was later amended to include a second-degree DWI. Minn. Laws 2001, ch. 8, art. 11, § 11; Minn. Laws 2001, ch. 9, art. 19, § 12.

though subdivision 7 of the statute requires that a driver was "convicted of the designated offense" to create a *presumption* of forfeiture, subdivision 6 requires only that a vehicle was "used in the commission of a designated offense" to make it "subject to forfeiture." Minn.Stat. § 169A.63, subds. 6, 7(a)(1). The legislature thus knew how to use the words "convicted of" when it intended to. To render a vehicle "subject to forfeiture," it did not use those words.

Additionally, as the state notes, subdivision 7 was amended in 2004. Minn. Laws 2004, ch. 235, §§ 3 to 8 at 728–34. Before the amendment, the subdivision provided that "[a] vehicle is subject to forfeiture under this section *only if* . . . the driver is convicted of the designated offense." Minn.Stat. § 169A.63, subd. 7(a)(1) (2002) (emphasis added). It was amended to its current language, which is "[a] vehicle is presumed subject to forfeiture under this section if . . . the driver is convicted of the designated offense," and subdivision 6 provides that a vehicle is "subject to forfeiture . . . if it was used in the commission of a designated offense." Minn.Stat. § 169A.63, subds. 6, 7(a)(1) (2006). We assume that such a change in language was not inadvertent.

■ The statute is not ambiguous. By its plain language, the statute does not require that a driver be convicted of a designated offense for the vehicle used to be subject to forfeiture. Commission of a designated offense is sufficient, and here it is undisputed that appellant committed a designated offense. His vehicle was, therefore, subject to forfeiture under Minn.Stat. § 169A.63.

## II.

■ Appellant also argues that the forfeiture statute "encourages arbitrary enforcement and, as a result, is void for vagueness." The state argues that be-

cause appellant did not raise a constitutional challenge to the statute in the district court, he cannot raise it for the first time on appeal. The state is correct. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988). But even if we were to evaluate appellant's constitutional argument on the merits, we would reject it. A party challenging the constitutionality of a statute has the burden of demonstrating beyond a reasonable doubt that a constitutional provision has been violated. *In re Haggerty,* 448 N.W.2d 363, 364 (Minn.1989); *see also Miller Brewing Co. v. State,* 284 N.W.2d 353, 356 (Minn.1979) (stating that a person challenging the constitutionality of a statute must "demonstrate[] beyond a reasonable doubt that the statute violates some constitutional provision"). Appellant points only to inconsistent application of the statute in the Minnesota district courts to support his argument. But he provides no authority to support his contention that inconsistent application by district courts renders a statute unconstitutionally vague. And interpretation of the statute by this court should prevent any further inconsistency.

## DECISION

Because we conclude that a vehicle is subject to forfeiture under Minn.Stat. § 169A.63 (2006) if it is used in the commission of a designated offense, even if the driver was not convicted of that offense, and because here it is undisputed that appellant committed a designated offense, his vehicle was lawfully forfeited.

**Affirmed.**

RANDALL, Judge (concurring specially).

I concur in the result.