Laura PATINO, Petitioner, Appellant,

v.

ONE 2007 CHEVROLET, VIN # 1GNFC16017J255427, TEXAS LICENSE PLATE # 578VYH, Respondent.

No. A11–309.

Court of Appeals of Minnesota.

Oct. 31, 2011.

Review Granted Jan. 17, 2012.

Kirk M. Anderson, Anderson & McCormick, P.A., Minneapolis, MN, for appellant.

Paul H. Tanis, Jr., MacKenzie Gustafson, Ltd., St. Peter, MN; and Angela Beu Forsythe, Nicollet County Attorney's Office, St. Peter, MN, for respondent.

Considered and decided by STAUBER, Presiding Judge; KLAPHAKE, Judge; and WRIGHT, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Laura Patino challenges the district court's order directing forfeiture of her automobile under Minn.Stat. § 169A.63 (2010). Appellant argues that the district court erred when it failed to return the automobile to her following her request for a judicial determination of the forfeiture.

Because the forfeiture was based on the commission of an underlying designated offense enumerated in the statute, and the offending party appeared as required and was not convicted of the designated offense, the district court erred by refusing to return the automobile to appellant. We therefore reverse.

## FACTS

Appellant was the sole owner of the respondent car, One 2007 Chevrolet, VIN # 1GNFC16017J255427, Texas License Plate 578VYH (car). Appellant lived with Dario Morales Rosas, who had been convicted of driving while impaired (DWI) in 2006, resulting in revocation of his driver's license. Morales Rosas did not reinstate his license following this revocation. On March 31, 2010, Morales Rosas was driving appellant's car when he was stopped by a state trooper for erratic driving and received a ticket for driving after revocation (DAR). Neither Morales Rosas nor appellant, who was riding in the car as a passenger, speak English; the police officer who stopped the car called a back-up police officer who speaks Spanish to process the scene. This officer, though not fluent in Spanish, was able to communicate with Morales Rosas. The police gave Morales Rosas a ticket for DAR and ordered appellant to drive the car.

On April 24, 2010, appellant permitted Morales Rosas to drive the car to Worthington with her 10–year–old daughter to visit relatives. The State Patrol received a call from a motorist reporting an impaired driver. A trooper stopped the car and subsequently arrested Morales Rosas, who was charged with second-degree DWI (prior offense and child endangerment); third-degree DWI (child endangerment); fourth-degree DWI (greater than .08 BAC); and DAR. Morales Rosas pleaded guilty to third-degree DWI (child endangerment).

The State Patrol served a notice of intent to seize and forfeit the car, and appellant filed a petition for judicial determination. A contested court trial was held on December 13, 2010; the district court ruled that (1) Morales Rosas used the car to commit an underlying designated offense, second-degree DWI, although he was not convicted of that offense; (2) appellant failed to establish by clear and convincing evidence that she did not have actual or constructive knowledge that Morales Rosas could not lawfully use the car; and (3) the state patrol was entitled to seize the car. This appeal followed.

## ISSUE

Did the district court err by concluding that when the forfeiture claimant has requested a judicial determination, the driver of a car subject to forfeiture need not be convicted of a designated offense if the underlying conduct constitutes a designated offense?

## ANALYSIS

██ We review matters of statutory interpretation de novo. *Mycka v. 2003 GMC Envoy*, 783 N.W.2d 234, 236 (Minn. App.2010). Forfeiture is a civil *in rem* cause of action; because it is punitive in nature, the reviewing court strictly construes the language of a forfeiture statute and resolves any doubts in favor of the party challenging the forfeiture. *Riley v. 1987 Station Wagon*, 650 N.W.2d 441, 443 (Minn.2002). A claimant in a civil forfeiture action "only bears the burden of producing sufficient evidence to rebut the statutory presumption of forfeitability." *Jacobson v. $55,900 in U.S. Currency*, 728 N.W.2d 510, 521 (Minn.2007).

The vehicle forfeiture statute, Minn.Stat. § 169A.63 (2010), provides that a vehicle "is subject to forfeiture ... if it was used in the commission of a designated offense or was used in conduct resulting in a designated license revocation." *Id.*, subd. 6. A "designated offense" is defined as "a violation of section 169A.20 (driving while impaired) under the circumstances described" in either the first- or second-degree DWI statute; or "a violation of section 169A.20 (driving while impaired)"

by a person whose license has been cancelled as inimical to public safety or who is subject to a restriction, such as no use or consumption of alcohol. *Id.*, subd. 1(e). A "designated license revocation" includes a license revocation for test failure or refusal within 10 years of the first of two or more qualified prior impaired driving incidents. *Id.*, subd. 1(d). This means that the qualifying designated license revocation has to be within a 10–year period in which at least two prior DWIs occurred. Because he pleaded guilty to third-degree DWI, Morales Rosas was not convicted of a designated offense, and because he did not have two prior designated offense convictions within 10 years, he was not subject to a designated license revocation. The record is silent as to whether Morales Rosas's license included a restriction on the use or consumption of alcohol.

In a subdivision entitled "Limitations on vehicle forfeiture," a presumption is created that a vehicle is subject to forfeiture if (1) the driver is convicted of a designated offense; (2) the driver fails to appear for a scheduled court appearance on a designated offense and does not appear within 48 hours; or (3) the driver's conduct results in a designated license revocation and either the driver does not contest the revocation or the revocation is judicially sustained. *Id.*, subd. 7(a).

A vehicle may be forfeited through an administrative action. *Id.*, subd. 8. But a claimant may ask for a judicial determination of a forfeiture action, in which case the procedure set forth in subdivision 9 applies. *Id.*, subds. 8(d), 9. Appellant requested and received a judicial determination.

In a judicial determination setting, a vehicle is presumed to be subject to forfei-

ture if "the prosecuting authority establishes that the vehicle was used in the commission of a designated offense or designated license revocation. A claimant bears the burden of proving any affirmative defense raised." *Id.*, subd. 9(e). If the person charged with the designated offense appears and is not convicted of the offense, "the court shall order the property returned to the person legally entitled to it" so long as that person complies with the requirements for recovery from impoundment. *Id.*, subd. 9(f). Appellant asserts that the provisions of subdivision 9(f) apply here.

The district court relied on this court's opinion in *Mastakoski v. 2003 Dodge Durango*, 738 N.W.2d 411, 414–15 (Minn.App. 2007), *review denied* (Minn. Nov. 21, 2007), in which this court determined that the driver need not be convicted of a designated offense as long as the driving behavior constituted the commission of a designated offense. That case discusses the language of subdivision 7, but does not comment on subdivision 9. *Id.* at 412.[1] This court concluded that although subdivision 7 states that a vehicle is presumed forfeitable if the driver is convicted of a designated offense, subdivision 6(a) states that a vehicle is subject to forfeiture if used in the commission of a designated offense and therefore the court can examine whether the driving conduct constitutes a designated offense. *Id.* at 413–15. But this court did not address the language of Minn.Stat. § 169A.63, subd. 9(f), which unequivocally states that if "the forfeiture is based on the commission of a designated offense and the person charged with the designated offense appears in court as required and is not convicted of the offense, the

---

1. The language of these particular subdivisions has not been amended since the *Masta*-

*koski* opinion was issued.

court *shall* order the property returned to the person legally entitled to it." (Emphasis added.)

■ We conclude that because appellant here clearly requested a judicial determination, the provisions of subdivision 9(f) govern this matter. The forfeiture was based on the designated offense of second-degree DWI, but the person charged with the designated offense, Morales Rosas, appeared in court as required and was not convicted of second-degree DWI. Under the clear language of subdivision 9(f), the district court was required to order the car returned to appellant.

## DECISION

Under the unequivocal language of Minn.Stat. § 169A.63, subd. 9(f), if a vehicle forfeiture is premised on the commission of an underlying designated offense and a claimant requests a judicial determination, the court must order the property returned to the claimant if the party charged with the designated offense appears in court as required and is not convicted of the offense.

**Reversed.**