Laura **PATINO**, Respondent,

v.

**ONE 2007 CHEVROLET, VIN # 1GNFC16017J255427, Texas License Plate # 578VYH, Appellant.**

No. A11–0309.

Supreme Court of Minnesota.

Sept. 26, 2012.

Kirk M. Anderson, Anderson & McCormick, P.A., Minneapolis, MN, for respondent.

Michelle M. Zehnder Fischer, Nicollet County Attorney, St. Peter, MN, for appellant.

Charles A. Ramsay, Daniel J. Koewler, Ramsay Law Firm, P.L.L.C., Roseville, MN, for amici curiae Minnesota Society for Criminal Justice & Minnesota Association of Criminal Defense Lawyers.

Cort C. Holten, Mark J. Schneider, Jeffrey D. Bores, Chestnut Cambronne PA, Minneapolis, MN, for amicus curiae Minnesota Police and Peace Officers Association Legal Defense Fund.

OPINION

DIETZEN, Justice.

This case presents the question of whether a vehicle may be judicially forfeited under Minn.Stat. § 169A.63 (2010) when the vehicle's driver is not convicted of the designated offense of second-degree driving while impaired. Respondent Laura Patino is the owner of the subject vehicle, which was operated by her boyfriend on April 24, 2010, when he was stopped, arrested for driving while impaired (DWI), and the vehicle was impounded. The boyfriend was charged with second-, third-, and fourth-degree DWI and driving after revocation, and the State sought forfeiture of respondent's vehicle pursuant to section 169A.63. Subsequently, the boyfriend pleaded guilty to third-degree DWI. Respondent sought a judicial determination of forfeiture under section 169A.63, subdivision 8(f), and following a hearing the district court ordered forfeiture of the vehicle. On appeal, the court of appeals reversed on the basis that the boyfriend was not convicted of a designated offense, and therefore forfeiture was prohibited under section 169A.63, subdivision 9(f). We affirm.

The material facts are undisputed. Respondent Laura Patino is the owner of a 2007 Chevrolet Suburban. In April 2010 respondent's then-boyfriend Dario Morales–Rosas was driving the vehicle when he was stopped by a state trooper in response to a complaint of erratic driving on

the highway. Patino's 10–year–old daughter was in the vehicle with Morales–Rosas. Following the traffic stop, Morales–Rosas was arrested for DWI. Because Morales–Rosas had a prior conviction of fourth-degree DWI that resulted in revocation of his license in 2006, the vehicle was seized, an administrative forfeiture proceeding was initiated, and notice was given to respondent as owner of the vehicle in accordance with Minn.Stat. § 169A.63, subd. 8(b).

Morales–Rosas was charged with second-degree DWI in violation of Minn.Stat. § 169A.20, subd. 1(5) (2010), under the conditions described in Minn.Stat. § 169A.25, subd. 1(a) (2010); third-degree DWI in violation of Minn.Stat. § 169A.20, subd. 1(1), under the conditions described in Minn.Stat. § 169A.26, subd. 1(a) (2010); fourth-degree DWI (under the influence of alcohol) in violation of Minn.Stat. § 169A.20, subd. 1(1); fourth-degree DWI (alcohol content 0.08 or higher) in violation of Minn.Stat. § 169A.20, subd. 1(5); and driving after revocation in violation of Minn.Stat. § 171.24, subd. 2 (2010). In June 2010, Morales–Rosas pleaded guilty to third-degree DWI, a gross misdemeanor.

Respondent made a timely request for a judicial determination of the forfeiture under section 169A.63, subdivision 8(f), and the matter proceeded to a trial. The State presented the testimony of the state trooper, a copy of Morales–Rosas' driving record, a copy of the citation for driving after revocation and no proof of insurance issued to Morales–Rosas in March 2010, and a copy of a Texas certificate of title in respondent's name. The primary issue at trial was whether respondent was entitled to recover the vehicle because she was an innocent owner. *See* Minn.Stat. § 169A.63, subd. 7(d).

The district court found that respondent was not an innocent owner because, although she did not have knowledge that Morales–Rosas would drive the vehicle while impaired, she had knowledge that Morales–Rosas was driving without a valid driver's license. Additionally, the court found that "[a]lthough Morales–Rosas was not convicted of a designated offense (first or second degree driving while impaired), he did commit a violation of Minn.Stat. § 169A.20, subd. 1(1), and there were two aggravating factors present at the time of the offense." The court relied on *Mastakoski v. 2003 Dodge Durango,* 738 N.W.2d 411 (Minn.App.2007), *rev. denied* (Minn. Nov. 21, 2007), to conclude that a conviction of the designated offense was not required. Accordingly, the court ordered forfeiture of the vehicle but granted respondent's motion to stay the forfeiture order pending appeal.

Before the court of appeals, respondent challenged the district court's holding that she was not an innocent owner under section 169A.63, subdivision 7(d); and argued that the district court erred when it concluded that Morales–Rosas need not have been convicted of a designated offense under subdivision 9(f) of the statute in order for the vehicle to be forfeited. The State relied on *Mastakoski* to argue that the statute required only that the driver use the vehicle to *commit* a designated offense, not that the driver was convicted of such an offense. The court of appeals reversed the district court's forfeiture order, holding that subdivision 9(f) of the statute provides that there can be no forfeiture of the vehicle when the driver was not convicted of the designated offense. The court did not reach the innocent-owner issue. We affirm.

I.

The State argues that, although a conviction of a designated offense creates a

presumption of judicial forfeiture, such a conviction is not required under the statute. Instead, the State contends that section 169A.63, subdivision 9(f), prohibits forfeiture only if the driver is not convicted of *any* charge. Respondent counters that subdivision 9 states that when a vehicle owner demands a judicial determination in accordance with subdivision 8(f), and the person charged with the designated offense appears in court as required and is not convicted of the designated offense, forfeiture is not permitted.[1] To answer the question presented, we must interpret the language of section 169A.63.

 Statutory interpretation is a question of law that we review de novo. *Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 433 (Minn.2009). When interpreting a statute, our goal is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010); *Brayton v. Pawlenty*, 781 N.W.2d 357, 363 (Minn.2010). Words and phrases in the statute are given their plain and ordinary meanings. Minn.Stat. § 645.08(1) (2010); *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999). If possible, we must interpret the statute to give effect to all its provisions, Minn.Stat. § 645.16, so that "no word, phrase, or sentence [is] superfluous, void, or insignificant," *Amaral*, 598 N.W.2d at 384. If the language of the statute is clear and free from ambiguity, the court's role is to enforce the language of the statute. Minn.Stat. § 645.16. But if the statute is ambiguous, and is susceptible of more than one reasonable interpretation, then the court may look beyond the statutory language to ascertain the intent of the Legislature. *Id.; Premier Bank v. Becker*

*Dev., LLC*, 785 N.W.2d 753, 759 (Minn. 2010).

Section 169A.63 sets forth the procedure for vehicle forfeiture when the vehicle was used in the commission of a designated offense,[2] or was used in conduct resulting in a designated license revocation. Minn. Stat. § 169A.63, subd. 6(a). This case involves a forfeiture based on the alleged commission of a designated offense. Generally, the statute describes vehicles subject to forfeiture, limitations on forfeiture, and administrative and judicial forfeiture procedures. "An action for forfeiture is a civil in rem action and is independent of any criminal prosecution." Minn.Stat. § 169A.63, subd. 9(a).

Subdivision 8 describes the process for administrative forfeiture of a vehicle. The subdivision requires, among other things, that all persons with an ownership interest in the vehicle in question be served with a written notice of the forfeiture and the right to obtain judicial review of the forfeiture. Minn.Stat. § 169A.63, subd. 8(b)–(c). Within 30 days after service of the notice under subdivision 8, an owner may challenge the forfeiture by filing a demand for a judicial determination of the forfeiture. Minn.Stat. § 169A.63, subd. 8(d). If the owner makes no demand for judicial determination or fails to make such a demand within the allotted time, the vehicle is administratively forfeited and the owner loses all rights to the vehicle. Minn.Stat. § 169A.63, subd. 8(c)(3).

When a claimant makes a timely demand for a judicial determination of the validity of an administrative forfeiture,

---

1. Amici curiae Minnesota Society for Criminal Justice and Minnesota Association of Criminal Defense Lawyers join respondent in this argument.

2. "Designated offense" includes first- and second-degree driving while impaired in violation of Minn.Stat. § 169A.20 (2010) under the circumstances described in Minn.Stat. §§ 169A.24–.25 (2010). Minn.Stat. § 169A.63, subd. 1(e)(1) (2010).

"the forfeiture proceedings must be conducted as provided under subdivision 9." Minn.Stat. § 169A.63, subd. 8(f). Subdivision 9(a) provides that "[t]his subdivision governs judicial determinations of the forfeiture of a motor vehicle used to commit a designated offense or used in conduct resulting in a designated license revocation." Minn.Stat. § 169A.63, subd. 9(a). It is undisputed that respondent made a timely demand for a judicial determination under subdivision 8(f). Thus, the administrative proceeding under subdivision 8 was converted into a judicial proceeding under subdivision 9, and subdivision 9 governs the judicial forfeiture proceeding.

> Subdivision 9(f) provides that when forfeiture is based on the commission of a designated offense and the person charged with the designated offense appears in court as required and is not convicted of the offense, the court shall order the property returned to the person legally entitled to it upon that person's compliance with the redemption requirements of section 169A.42.

Minn.Stat. § 169A.63, subd. 9(f). Under subdivision 9(f), when a person charged with a designated offense appears in court and is not convicted of the designated offense, "the court shall order the property returned to the person legally entitled to it" provided that the redemption requirements of section 169A.42 are satisfied.

The word "shall" has been interpreted as mandatory. *Frandsen v. Ford Motor Co.,* 801 N.W.2d 177, 181 (Minn.2011); *see also* Minn.Stat. § 645.44, subd. 16 (2010).

It is undisputed that respondent made a timely demand for a judicial determination, and that the person charged with the designated offense of second-degree driving while impaired (Morales–Rosas) appeared in court as required and was not convicted of the designated offense. Instead, he pleaded guilty to, and was convicted of, third-degree driving while impaired, which is not a designated offense. Because the person charged appeared in court and was not convicted of a designated offense, the provisions of subdivision 9(f) were satisfied, and the court was required to return the vehicle to the person legally entitled to it and to dismiss the petition for forfeiture once the redemption requirements were met.

The State presents three arguments to support its conclusion that a conviction of a *designated* offense is not required under subdivision 9(f) to forfeit a vehicle. First, the State argues that the Minnesota Legislature amended section 169A.63 in 2004 to require only the "commission," not the "conviction," of a designated offense to support a vehicle forfeiture. The State suggests that prior legislative history supports its interpretation.[3] This argument lacks merit.

---

3. The 2002 version of Minn.Stat. § 169A.63 contained the following language:

> Subd. 7. **Limitations on vehicle forfeiture.** (a) A vehicle is subject to forfeiture under this section *only* if: (1) the driver is convicted of the designated offense upon which the forfeiture is based; (2) the driver fails to appear with respect to the designated offense charge in violation of section 609.49 (release; failure to appear); or (3) the driver's conduct results in a designated license revocation....

Minn.Stat. § 169A.63, subd. 7(a) (2002) (emphasis added). In 2004, the Legislature

changed this language to permit forfeiture in circumstances other than those enumerated in subdivision 7 by removing the word "only" and inserting the word "presumed." The relevant statutory change is as follows:

> Subd. 7. **Limitations on vehicle forfeiture.** (a) A vehicle is *presumed* subject to forfeiture under this section if: (1) the driver is convicted of the designated offense upon which the forfeiture is based....

Minn.Stat. § 169A.63, subd. 7(a) (2004) (emphasis added). The State argues that the removal of the word "only" and insertion of the word "presumed" evinces clear legislative in-

Legislative history is not relevant to determine legislative intent unless the statute is ambiguous. Minn.Stat. § 645.16; *see Laase,* 776 N.W.2d at 435. But the State does not argue that subdivision 9(f) is ambiguous. Indeed, subdivision 9(f) clearly and unambiguously provides that if the person charged appears in court and is not convicted of the designated offense, the vehicle must be returned to the owner upon compliance with the redemption requirements of section 169A.42, and the petition for forfeiture must be dismissed.

Further, the legislative history presented by the State relates to subdivision 7, not to subdivision 9. More importantly, the prohibition in subdivision 9 on judicial forfeiture when the person charged with the designated offense is not convicted of the offense has not changed since the vehicle forfeiture statute was originally enacted. *See* Minn.Stat. § 169.1217, subd. 8(b) (1992) ("If the person charged with a designated offense is not convicted of the offense, the court shall dismiss the complaint against the vehicle and order the property returned to the person legally entitled to it."). Because the 2004 amendments to section 169A.63 did not alter or remove subdivision 9(f)'s explicit prohibition on judicial forfeiture when "the person charged with the designated offense appears in court as required and is not convicted of the offense," the State's argument lacks merit. *See* Act of May 18, 2004, ch. 235, § 7, 2004 Minn. Laws 726, 732–34.

Second, the State argues that the court of appeals' focus on subdivision 9(f) violates the rule of statutory construction requiring us to examine the statute as a whole. The State asserts that subdivision 6(a) provides the *only* standard by which forfeitures under section 169A.63 are determined, and that subdivision 9 is purely procedural and does not alter the "commission" standard of subdivision 6(a). Further, the State contends the court of appeals' decision is an absurd result because it creates multiple classes of people with differing results depending on whether or not a person hires a private attorney to file a demand for judicial determination of forfeiture under the procedure prescribed by subdivision 9, and whether a guilty plea is involved. The State's argument fails on multiple levels.

The State's argument conflates judicial forfeiture with administrative forfeiture. The procedures are related, but are separate and distinct. It is certainly true that the burden of proof imposed upon the State for vehicle forfeiture is higher for a judicial forfeiture than for an administrative forfeiture. But it is within the province of the Legislature to provide for different standards for vehicle forfeiture in administrative and judicial proceedings. An administrative forfeiture under subdivision 8 requires only a showing that the vehicle was "used to commit a designated offense or used in conduct resulting in a designated license revocation. . . ." In contrast, judicial forfeiture under subdivision 9(f) provides that when the person charged with the designated offense "appears in court as required and is not convicted of the offense, the court shall order the property returned" once the redemption requirements have been satisfied.[4]

---

tent that the absence of a conviction for a designated offense is no longer a bar to forfeiture under any circumstance.

4. The State also contends that subdivision 9(e) is superfluous if subdivision 9(f) is read to require conviction of the designated offense

upon which a judicial forfeiture proceeding is based. This argument lacks merit because it relies on a mischaracterization of subdivision 9(f)'s bar to judicial forfeiture under certain narrowly-defined circumstances. Specifically, subdivision 9(f) *does not apply*—and there

Subdivisions 8(f) and 9(a) make it clear that subdivision 9 governs judicial forfeiture proceedings, such as the one at issue here.

■ Further, the State's argument that the court of appeals' interpretation creates absurd results lacks merit. The Legislature clearly determined that there is a distinction between judicial forfeiture and administrative forfeiture, and the distinction is not unreasonable.[5] Moreover, the statute is not ambiguous, and therefore the canon of construction regarding absurd results does not apply. *Schatz v. Interfaith Care Ctr.*, 811 N.W.2d 643, 651–52 (Minn. 2012). The canon "[does not] override the plain language of a clear and unambiguous statute, except in an exceedingly rare case in which the plain meaning of the statute 'utterly confounds' the clear legislative purpose of the statute." *Id.* at 651.

The State relies on the phrase "convicted of the offense" in subdivision 9(f) to support its contention that forfeiture is permissible under subdivision 9 if the driver is convicted of *any* offense. It suggests that if the Legislature intended the statute to require conviction of the designated offense, it would have used the phrase "convicted of the *designated* offense." This

argument lacks merit. The State is correct that the word "the" is a general word, but under the rules of grammar and common usage, "the" is a definite article that refers to a particular noun. *State v. Hohenwald*, 815 N.W.2d 823, 830 (Minn.2012). Subdivision 9(f) identifies and refers to only one particular offense—the "designated offense"—and it is therefore clear that "the offense" must refer to the designated offense. Section 169A.63 does not identify any other different offense that could arguably be understood as "the offense" referred to in subdivision 9(f). Moreover, the canon that we construe general words as restricted by preceding particular words buttresses our interpretation: the particular phrase "the designated offense" precedes the general phrase "the offense" twice within subdivision 9(f), and therefore the words "the offense" must be limited by the phrase "the designated offense." *See* Minn.Stat. § 645.08(3) (stating that "general words are construed to be restricted in their meaning by preceding particular words"). If the Legislature intended to require conviction of an offense other than the designated offense, it could have used an indefinite article (i.e., "*an* offense") or a broad modifier (e.g., "*any* offense")—but it

is thus no "requirement" of conviction—when the person charged with the designated offense upon which the judicial forfeiture proceeding is based does not appear in court as required. In that scenario, subdivision 9(e) applies and requires the State to prove commission—not conviction—of the designated offense to create a presumption of forfeiture and shift the burden of proof to the vehicle owner. Put more broadly, one statutory provision is not rendered superfluous merely because another provision creates a narrow exception to it.

5. The State also contends that "[t]he administrative forfeiture procedures [in subdivision 8] are rendered meaningless by the court of appeals' decision because it concludes that a conviction is required before the vehicle could be forfeited" and "such language does not

exist within the administrative forfeiture subdivision." This contention misstates the court of appeals' decision in two ways. First, the court of appeals' conclusion clearly does not apply to subdivision 8. *Patino v. One 2007 Chevrolet*, 805 N.W.2d 906, 910 (Minn.App. 2011) ("We conclude that because appellant here clearly requested a judicial determination, the provisions of subdivision 9(f) govern this matter."). Moreover, the court did not conclude that a conviction is required before a vehicle can be forfeited; rather, the court concluded that forfeiture is prohibited in a judicial forfeiture proceeding when the forfeiture is based on commission of an underlying designated offense and the party charged with that offense meets the criteria set forth in subdivision 9(f). *Id.* at 909–10.

did not do so. *See Hohenwald,* 815 N.W.2d at 830. As a result, we conclude that the language of subdivision 9(f) is not susceptible to the interpretation urged by the State.

Third, the State argues that the court of appeals' decision stands in direct conflict with its prior decision in *Mastakoski,* 738 N.W.2d 411. The State relies on *Mastakoski* to support its proposed interpretation. It is true that *Mastakoski* involved a judicial forfeiture procedure, but subdivision 9 was not an issue before the court. *See generally id.* at 413. Instead, the court relied on subdivision 7 to support its opinion. *Id.* at 414–15. *Mastakoski* does not address subdivision 9(f). But to the extent it is inconsistent, we hereby overrule *Mastakoski.*

## II.

Accordingly, under Minn.Stat. § 169A.63, subds. 8(f) and 9(a), when a claimant makes a timely demand for a judicial determination of the validity of an administrative forfeiture, the provisions of subdivision 9 govern the judicial determination of forfeiture. Under subdivision 9(f), when a person charged with a designated offense appears in court and is not convicted of the designated offense, "the court shall order the property returned to the person legally entitled to it," provided that the redemption requirements of section 169A.42 have been satisfied.

Affirmed.