Terry Scott WOODRUFF, Respondent,

Julie Tollefson, Respondent,

v.

2008 MERCEDES, VIN# WDDGF81X28F159446, PLATE: SGL716, Appellant.

No. A12–1117.

Court of Appeals of Minnesota.

April 22, 2013.

Joseph P. Tamburino, Caplan & Tamburino Law Firm, P.A., Minneapolis, MN, for respondent Tollefson.

Debbie E. Lang, Caplan & Tamburino Law Firm, P.A., Minneapolis, MN, for respondent Woodruff.

Mark J. Schneider, Jeffrey D. Bores, Chestnut Cambronne PA, Minneapolis, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge; HUDSON, Judge; and KIRK, Judge.

## OPINION

HUDSON, Judge.

This appeal is from an order granting respondents' petition challenging forfeiture of the appellant vehicle because the owner, respondent Julie Tollefson, did not have actual or constructive knowledge that the vehicle would be operated in a manner contrary to law by its driver, respondent Terry Woodruff. While this case was pending, the Minnesota Supreme Court released its opinion in *Patino v. One 2007 Chevrolet*, 821 N.W.2d 810, holding that after a timely demand for judicial determination of forfeiture is made, if the person charged with a designated offense under Minn.Stat. § 169A.63, subd. 1(e), is not convicted of the offense, the district court is required under Minn.Stat. § 169A.63, subd. 9(f), to return the vehicle to the person legally entitled to it. *Id.* at 817. Because respondents made a timely demand for judicial determination of forfeiture and Woodruff was not convicted of a designated offense, the district court was required to return appellant vehicle to Tollefson. *Id.* Though *Patino* was released while this case was pending, we conclude that *Patino* applies retroactively and therefore affirm the district court's order granting respondents' petition contesting forfeiture.

## FACTS

Respondent Julie Tollefson is the registered owner of the appellant vehicle. She met respondent Terry Woodruff over the Fourth of July holiday in 2010, and they saw each other a few times over the next few months. In September 2010, Woodruff and Tollefson attended a Minnesota Twins game. Woodruff drove Tollefson's vehicle.

According to their testimony, Woodruff and Tollefson each consumed three drinks over the next four to five hours and were generally in each other's presence. Tollefson did not believe that either she or Woodruff was intoxicated, and she testified that Woodruff showed no signs of intoxication.

As they were driving home, Woodruff made an abrupt lane change to exit the highway and was pulled over on suspicion of drunk driving. Woodruff failed the field sobriety tests as well as the preliminary breath test, and the officer placed Woodruff under arrest for driving while impaired (DWI). The officer then administered a preliminary breath test to Tollefson to determine if she was able to drive the vehicle home. Tollefson tested under the legal limit, but because the test showed that Tollefson had consumed alcohol, the officer instructed Tollefson to drive the vehicle to a nearby parking garage, where an officer escorted her to the police station. At the police station, Woodruff refused to take a breath test, and he was charged with second-degree DWI.[1]

Shortly after Woodruff's arrest, the City of Golden Valley sent a notice of seizure and intent to forfeit the vehicle. Respondents made a timely demand for judicial determination pursuant to Minn.Stat.

---

1. Under Minn.Stat. § 169A.25 (2010), a person is guilty of second-degree driving while impaired if he or she drives while impaired and two or more aggravating factors are present. *Id.*, subd. 1(a). Only one aggravating factor must be present if the driver also re- fuses to submit to a chemical test for intoxication. *Id.*, subd. 1(b). The parties agree that Woodruff had a DWI within the past ten years, which is an aggravating factor. Minn. Stat. § 169A.03, subd. 3 (2010).

§ 169A.63, subd. 9, and the parties agreed to stay the action pending the resolution of the criminal matter. Tollefson was permitted to retain possession of her vehicle while the matter was pending.

In January 2011, Woodruff entered into a plea agreement whereby he pleaded guilty to third-degree DWI, but agreed not to raise a *Mastakoski* defense under Minn. Stat. § 169A.63, subd. 9, at any subsequent forfeiture proceeding. In *Mastakoski v. 2003 Dodge Durango*, 738 N.W.2d 411 (Minn.App.2007), *review denied* (Minn. Nov. 21, 2007), this court held that a vehicle is subject to forfeiture under Minn. Stat. § 169A.63 if it was used in the commission of a designated offense, even if the driver was not convicted of a designated offense. *Id.* at 415. Though it is not clear from the record, it appears that, by agreeing not to raise a *Mastakoski* defense, Woodruff was agreeing not to argue at a subsequent forfeiture proceeding that the vehicle was not used in the commission of a designated offense. *See* Minn.Stat. § 169A.63, subd. 9(e). Tollefson was not a party to this agreement.

In October 2011, the Minnesota Court of Appeals issued *Patino v. One 2007 Chevrolet*, 805 N.W.2d 906 (Minn.App.2011), *aff'd*, 821 N.W.2d 810 (Minn.2012), holding that when the person charged with a designated offense as defined by Minn.Stat. § 169A.63, subd. 1(e), is not convicted of the designated offense, the district court is required under Minn.Stat. § 169A.63, subd. 9(f), to return the vehicle to the person legally entitled to it. *Id.* at 910.

A two-day forfeiture hearing took place in April 2012. The district court found Tollefson's testimony credible that Woodruff showed no signs of intoxication. The district court concluded that "Tollefson established by clear and convincing evidence that she did not have actual or constructive knowledge that [the vehicle] would be used

in a manner contrary to law." The district court therefore held that Tollefson was an "innocent owner" under Minn.Stat. § 169A.63, subd. 7(d), precluding forfeiture of her vehicle. Neither party raised, nor did the district court address, the applicability of subdivision 9(f) or the holding in *Patino*.

This court's holding in *Patino* was affirmed by the Minnesota Supreme Court in September 2012. *Patino*, 821 N.W.2d at 817 (holding that after a timely demand for a judicial determination of a forfeiture, "[u]nder subdivision 9(f), when a person charged with a designated offense appears in court and is not convicted of the designated offense, 'the court *shall order* the property returned to the person legally entitled to it'") (emphasis added) (quoting Minn.Stat. § 169A.63, subd. 9(f)). Appellant now challenges the district court's holding, while respondents argue that *Patino* has rendered this appeal moot.

## ISSUES

I. Are respondents entitled to retain possession of the vehicle after the Minnesota Supreme Court's decision in *Patino* holding that when the person charged with a designated offense is not convicted of the designated offense, under Minn.Stat. § 169A.63, subd. 9(f), the vehicle must be returned to the person legally entitled to it?

II. Was the plea agreement between the state and respondent Woodruff not to raise certain defenses in the subsequent forfeiture action binding upon the owner of the vehicle, respondent Tollefson?

III. Should the rule announced in *Patino* be applied retroactively?

IV. Did the district court err in determining that Tollefson was an "in-

nocent owner" under Minn.Stat. § 169A.63, subd. 7(d)?

## ANALYSIS

■ Forfeiture is a civil in rem action, independent of any criminal prosecution, governed by the rules of civil procedure. Minn.Stat. § 169A.63, subd. 9(a). Because forfeiture actions are punitive in nature, appellate courts are to strictly construe the language of a forfeiture statute, resolving any doubts in favor of the party challenging forfeiture. *Riley v. 1987 Station Wagon,* 650 N.W.2d 441, 443 (Minn.2002). The district court's findings of fact are given great deference and will not be set aside unless clearly erroneous. *Blanche v. 1995 Pontiac Grand Prix,* 599 N.W.2d 161, 164 (Minn.1999). A district court's findings of fact are not to be disturbed if they are supported by reasonable evidence. *Rogers v. Moore,* 603 N.W.2d 650, 656 (Minn.1999). But questions of law are reviewed de novo. *Heino v. One 2003 Cadillac,* 762 N.W.2d 257, 263 (Minn.App. 2009).

## I

■ Tollefson made a timely request for judicial determination of the validity of the forfeiture, and therefore the matter is governed by subdivision 9 of Minn.Stat. § 169A.63.[2] Minn.Stat. § 169A.63, subd. 9(a); *Patino,* 821 N.W.2d at 814–15. Subdivision 9(f) provides that when

forfeiture is based on the commission of a designated offense and the person charged with the designated offense appears in court as required and is not convicted of the offense, the court shall order the property returned to the person legally entitled to it upon that person's compliance with the redemption requirements of section 169A.42.

Minn.Stat. § 169A.63, subd. 9(f). Though Woodruff was charged with second-degree DWI, a designated offense, he pleaded guilty to third-degree DWI, which is not a designated offense. *Id.,* subd. 1(e). Because the person charged appeared in court and was not convicted of the designated offense, the provisions of subdivision 9(f) were satisfied, and the district court was required to return the vehicle to the party legally entitled to it and dismiss the original petition for forfeiture.[3] *Patino,* 821 N.W.2d at 814.

■ Yet neither party discussed, at the district court level or in its briefing to this court, whether the holding in *Patino* required the subject vehicle to be returned to Tollefson because Woodruff was not convicted of a designated offense.[4] *See* Minn.Stat. § 169A.63, subd. 9(f). Appellant argues that we should not consider the issue, as this court's decision in *Patino* was released several months before the bench trial in this case took place, giving respondents ample opportunity to raise the issue. We generally consider only those

---

2. We note that in 2012, the Minnesota legislature amended certain portions of Minn.Stat. § 169A.63. *See* 2012 Minn. Laws ch. 128, §§ 8–14, at 20–24. These changes, which are not relevant to the issues in this case, apply only to forfeitures initiated on or after August 1, 2012. *See id.*

3. According to the record, Tollefson remains in possession of the vehicle, rendering the redemption requirements of Minn.Stat. 169A.42 (2012) moot.

4. On January 14, 2013, nine days before oral argument, this court issued an order instructing the parties to be prepared at oral argument to discuss *Patino* and its treatment of *Mastakoski.* The parties were instructed to consider three questions: (1) in light of *Patino,* whether there remains a legal basis for forfeiture of appellant vehicle; (2) whether the plea agreement in the related criminal proceeding precludes application of *Patino,* and (3) whether the plea agreement is binding upon Tollefson.

issues that were presented to and considered by the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). However this is not "an ironclad rule." *Oanes v. Allstate Ins. Co.,* 617 N.W.2d 401, 403 (Minn.2000). This court has the authority to review any issue "as the interest of justice may require." Minn. R. Civ.App. P. 103.04; *see also Putz v. Putz,* 645 N.W.2d 343, 350 (Minn.2002) (concluding that justice required consideration of an issue not raised below). Appellate courts have a "responsibility to review the record even though the assignments of error are inadequate." *State v. Peterson,* 266 Minn. 77, 83, 123 N.W.2d 177, 182 (1963). It is our obligation as an appellate court " 'to decide cases in accordance with the law, and that responsibility is not to be diluted by counsel's oversights, lack of research, failure to specify issues or to cite relevant authorities.' " *Moorhead Econ. Dev. Auth. v. Anda,* 789 N.W.2d 860, 875 (Minn.2010) (quoting *State v. Hannuksela,* 452 N.W.2d 668, 673 n. 7 (Minn.1990)) (other quotation omitted). We choose to address this issue in the interests of justice and conclude, based on the above analysis, that, under the rule established in *Patino,* there is no legal basis for forfeiture of the subject vehicle.

## II

■ Appellant also argues that respondents waived the right to raise a defense under subdivision 9(f) as part of Woodruff's plea agreement not to raise a *Mastakoski* defense. In Minnesota, plea agreements are analogous to contracts and are reviewed using principles of contract law. *In re Ashman,* 608 N.W.2d 853, 858 (Minn.2000). Plea agreements "represent a bargained-for understanding between the government and criminal defendants in which each side forgoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of

criminal matters." *State v. Meredyk,* 754 N.W.2d 596, 603 (Minn.App.2008) (quotation omitted).

■ When a criminal defendant is the owner of a vehicle potentially subject to forfeiture, the defendant may consent within a plea agreement to waive the right to challenge civil forfeiture or waive the right to raise certain defenses as part of a bargained-for exchange. *See, e.g., U.S. v. Singleton,* 897 F.Supp. 1268, 1270, 1273 (N.D.Cal.1995) (holding that defendant's agreement to plead guilty to heroin distribution and money-laundering charges while consenting to forfeiture of currency and vehicles in related civil forfeiture waived his right to challenge the forfeiture on double-jeopardy grounds), *aff'd,* 92 F.3d 1195 (9th Cir. July 26, 1996). But if the criminal defendant is not the owner of the vehicle, the owner has a separate right to judicially challenge forfeiture of the vehicle. Minn.Stat. § 169A.63, subd. 8(b), (e), (f). And while both the state and the defendant are bound by a plea agreement not to raise certain defenses, "as a general rule, nonparties to a contract acquire no rights or obligations under it." *Mon–Ray, Inc. v. Granite Re, Inc.,* 677 N.W.2d 434, 439 (Minn.App.2004), *review denied* (Minn. June 29, 2004).

Applying these principles here, where a driver accused of driving while impaired is not the owner of the subject vehicle, the driver's agreement as part of a guilty plea not to assert certain rights or defenses in any subsequent forfeiture action brought under Minn.Stat. § 169A.63 is not binding upon the owner of the subject vehicle. *Cf. In re Welfare of M.R.H.,* 716 N.W.2d 349, 352 (Minn.App.2006) (holding that because parents of injured child were not parties to their son's settlement agreement they were neither entitled to compensation under the agreement nor bound by the re-

lease of liability contained therein), *review denied* (Minn. Aug. 15, 2006). We therefore conclude that Woodruff's plea agreement does not preclude Tollefson from asserting any defense contained within Minn. Stat. § 169A.63, subd. 9.

### III

 Having concluded that, under *Patino*, there is no legal basis for forfeiture of the subject vehicle, we must now consider whether the rule in *Patino* should be applied retroactively, given that *Patino* was released after Woodruff's arrest and the initiation of the forfeiture action. "The general rule is that, absent special circumstances or specific pronouncements by the overruling court that its decision is to be applied prospectively only, the decision is to be given retroactive effect." *Hoff v. Kempton*, 317 N.W.2d 361, 363 (Minn. 1982). Minnesota has adopted the three-factor test laid out by the United States Supreme Court in *Chevron Oil v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), to determine whether an exception to this general rule should apply. *B.M.B. v. State Farm Fire & Cas. Co.*, 664 N.W.2d 817, 826 (Minn.2003).[5] For a ruling to apply purely prospectively, three factors must be present:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, ... [the court looks to] the prior history of the rule in question, its purpose and effect,

and whether retrospective operation will further or retard its operation. Finally, [the court weighs] the inequity imposed by retroactive application.

*Chevron Oil*, 404 U.S. at 106–07, 92 S.Ct. at 355 (citations omitted).

The first factor asks us to consider whether *Patino* established a new principle of law upon which the parties relied. *Id.* We conclude that this factor is satisfied. In *Mastakoski*, appellant petitioned for a judicial determination of the validity of forfeiture of his vehicle, arguing that the forfeiture was unlawful because he was not convicted of a designated offense. *Mastakoski*, 738 N.W.2d at 412. This court held that the vehicle was subject to forfeiture if the vehicle was used in commission of a designated offense, even if the driver is not convicted of the offense. *Id.* at 415. Under an identical set of facts, the supreme court in *Patino* reached the opposite conclusion. *Patino*, 821 N.W.2d at 817. Although *Mastakoski* did not consider subdivision 9(f), the decision purported to be interpreting the forfeiture statute "as a whole." *Mastakoski*, 738 N.W.2d at 414. Our conclusion that *Patino* overturned the clear precedent set out in *Mastakoski* is supported by the specific evidence of reliance in this case. The state was relying on *Mastakoski* when it allowed Woodruff to plead guilty to third-degree DWI if he agreed not to raise a *Mastakoski* defense in the civil forfeiture action. Because *Patino* overturned the holding of *Mastakoski*, and because the parties relied upon clear past precedent, the first factor is satisfied.

---

**5.** Although the Supreme Court has since overruled *Chevron Oil*, holding that absent a pronouncement that a decision should only be applied prospectively, its decisions in civil cases are to be applied retroactively regardless of the *Chevron Oil* factors, this applies only to new rules of federal law. *Harper v.*

*Virginia Dept. of Taxation*, 509 U.S. 86, 96–97, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993). The Minnesota Supreme Court continues to apply the three-factor *Chevron Oil* test. *Bendorf v. Comm'r of Pub. Safety*, 727 N.W.2d 410, 414 n. 5 (Minn.2007).

The second factor asks us to consider whether retroactive application of *Patino* would further the purpose of the rule set forth in that decision. *Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. at 355. The supreme court in *Patino* was attempting to honor the plain statutory language of Minn.Stat. § 169A.63, subd. 9(f), which prohibits forfeiture when the person accused of committing a designated offense is not convicted of the offense. Retroactive application of *Patino* would advance this goal.

The third factor asks us to weigh the inequity imposed by retroactive application of the new precedent. *Chevron Oil,* 404 U.S. at 107, 92 S.Ct. at 355. Appellant argues that retroactive application would be inequitable given its reliance upon *Mastakoski* in entering into a plea agreement with Woodruff. Yet that agreement was not binding upon Tollefson, and thus any reliance upon *Mastakoski* was misplaced. Furthermore, the holding in *Mastakoski* ignored Minn.Stat. § 169A.63, subd. 9(f), despite the subdivision's explicit directive that when a forfeiture is judicially challenged, the subject vehicle must be returned to its owner if the driver is not convicted of a designated offense. Under these circumstances, where application of *Mastakoski* would ignore plain statutory language, and because any doubts are to be resolved in favor of the party challenging forfeiture, the balance of equities favor retroactive application of *Patino*. *See Riley,* 650 N.W.2d at 443. On this record, we conclude that *Patino* applies retroactively. *See Summers v. R & D Agency, Inc.,* 593 N.W.2d 241, 245–46 (Minn.App. 1999) (concluding that the *Chevron Oil* factors favored retroactive application where only the first factor weighed in favor of nonretroactivity). And because under *Patino* no legal basis for forfeiture exists, we affirm the district court's order restoring ownership of the appellant vehicle to Tollefson.

## IV

Because Tollefson is entitled to regain ownership of the appellant vehicle under *Patino,* we need not consider appellant's other challenges. We note, however, that even if *Patino* were not applicable, we would affirm the district court's conclusion that Tollefson was entitled to the vehicle under Minn.Stat. § 169A.63, subd. 7(d), because she had no actual or constructive knowledge that the vehicle was being operated in a manner contrary to law. *See* Minn.Stat. § 169A.63, subd. 7(d) (stating that a vehicle is not subject to forfeiture if owner demonstrates by clear and convincing evidence a lack of actual or constructive knowledge that it would be used in a manner contrary to law). We reject appellant's contention that Tollefson necessarily had actual or constructive knowledge that the vehicle was being driven in a manner contrary to law either because she witnessed Woodruff consume alcohol or because she was a passenger in the vehicle. Minn.Stat. § 169A.20, subd. 1(1) (2012), prohibits driving "under the influence" of alcohol, not driving after consuming any amount of alcohol. "A person is under the influence when a person does not possess that clearness of intellect and control of himself that he otherwise would have." *State v. Ards,* 816 N.W.2d 679, 686 (Minn. App.2012) (quotation omitted). Whether Tollefson had actual or constructive knowledge that Woodruff was under the influence of alcohol was therefore a factual question, and the district court's finding that Tollefson had no actual or constructive knowledge that Woodruff was under the influence was supported by reasonable evidence and therefore not clearly erroneous.

## DECISION

Following the supreme court's decision in *Patino v. One 2007 Chevrolet,* when Tollefson made a timely demand for judicial determination of the validity of administrative forfeiture, under Minn.Stat. § 169A.63, subd. 9(f), the district court was required to return the vehicle to her because Woodruff was not convicted of a designated offense.

**Affirmed.**