*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0512**

Ramon Jimenez Ruiz, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 21, 2015
Affirmed
Connolly, Judge**

Washington County District Court
File No. 82-CR-08-555

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Peter Orput, Washington County Attorney, Peter S. Johnson, Assistant County Attorney,
Stillwater, Minnesota (for respondent)

        Considered and decided by Connolly, Presiding Judge; Smith, Judge; and Minge,

Judge.[*]

---

[*] Retired judge of the Court of Appeals, serving by appointment pursuant to Minn. Const.
art. VI, § 10.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges the denial of his petition for postconviction relief without an evidentiary hearing. Appellant argues that he should be allowed to withdraw his guilty plea to one count of fifth-degree possession of a controlled substance because of testing deficiencies that were discovered at the St. Paul Police Department Crime Lab ("SPPDCL"). Specifically, he argues that his petition was not time-barred and he is entitled to postconviction relief (or at least an evidentiary hearing) because of newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. We affirm.

## FACTS

On January 15, 2008, appellant Ramon Jimenez Ruiz was stopped and when the police discovered he did not have a valid driver's license, the police towed his car. During an inventory search of the vehicle, officers found small baggies containing a crystal substance and a glass pipe. The substance was believed to be an illegal drug.

On January 16, 2008, appellant was charged with two counts of fifth-degree possession of a controlled substance in violation of Minn. Stat. § 152.025, subd. 2(a)(1) (2006). Count two of the criminal complaint was dismissed pursuant to a plea agreement. The SPPDCL tested the evidence on February 28, 2008 and disclosed the findings to appellant on April 7, 2008, after appellant pleaded guilty to one of the charged offenses as part of the plea agreement. Appellant testified at his plea hearing that he knew that the baggies containing methamphetamine and cocaine were in the car and that appellant knew

they were controlled substances. On May 29, 2008, appellant received a stay of adjudication of sentence on count one with a five-year term of probation and certain conditions. He did not appeal.

On May 29, 2009, the district court found that appellant had violated the terms of his probation and revoked the stay of adjudication, imposed a 15-month prison sentence but stayed its execution, and ordered appellant to serve 90 days in jail. On August 18, 2009, the district court found appellant had violated the terms of his probation a second time and revoked the stay of execution of sentence and executed the 15-month prison sentence.

On July 18, 2014, appellant filed a petition for postconviction relief, seeking to withdraw his guilty plea, or alternatively requesting an evidentiary hearing regarding the testing of the controlled substance performed by the SPPDCL. The SPPDCL abandoned the test results based on systemic problems at the SPPDCL in 2012.[1] Respondent acknowledged the significant deficiencies in the operating procedures of the SPPDCL and thus the merits of the deficiencies do not warrant discussion here. On January 20, 2015, the district court denied appellant's petition without an evidentiary hearing, stating that the petition was time-barred and failed on its merits.

This appeal follows.

---

[1] These problems came to light in July 2012 following a *Frye-Mack* hearing in Dakota County. The state does not dispute that there were serious problems that caused the SPPDCL to lose its accreditation, but argues that any claims based on the problems should have been raised at the time of the guilty plea, not when the problems became public.

**D E C I S I O N**

**1. Did the postconviction court abuse its discretion by summarily denying appellant's petition for relief because it was untimely?**

Appellant argues that the postconviction court abused its discretion by determining that his petition for postconviction relief was time-barred. We review a summary denial of postconviction relief for abuse of discretion. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted).

Any person convicted of a crime who claims his conviction was obtained in violation of his constitutional rights "may commence a proceeding to secure relief." Minn. Stat. § 590.01, subd. 1 (2014). A petition for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a) (2014). A petition filed after the two-year limit may be considered if it satisfies one of five statutory exceptions. *Id.*, subd. 4(b) (2014).

A petition that invokes a statutory exception to the two-year limit "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c) (2014). "[A] claim arises when the [petitioner] knew or should have known of the claim." *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). "If the petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition as untimely." *Roberts v. State*, 856 N.W.2d 287, 290 (Minn.

4

App. 2014), *review denied* (Minn. Jan. 28, 2015). Here, appellant does not deny that his petition was outside the two-year time limit, but argues that the "newly discovered evidence" and "interests of justice" exceptions apply. Because we find that the "newly discovered evidence" and "interests of justice" exceptions do not apply, we hold that appellant's claims are time-barred and therefore we do not reach them on the merits.

### a.    Newly discovered evidence

Appellant argues that the postconviction court abused its discretion when it denied his postconviction petition in which he alleged deficiencies at the SPPDCL that should allow him to withdraw his plea based on newly discovered evidence. To satisfy the newly-discovered-evidence exception to the postconviction time bar, appellant's postconviction petition must allege that (1) newly discovered evidence exists; (2) the evidence "could not have been ascertained by the exercise of due diligence within the two-year time period for filing a postconviction petition;" (3) the evidence is not cumulative; (4) the evidence is not for impeachment purposes; and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent of the offense . . . for which the petitioner was convicted." *Id.* (quotation omitted).

In *Roberts v. State*, this court concluded that appellant failed to show that he could not have discovered the issues with the SPPDCL's testing with due diligence. *Id.* at 291. This court reasoned:

> [Appellant] does not claim that he made any effort to investigate the validity of the test results. Nor does he claim that anyone prevented him from doing so. Instead, he merely asserts that the deficiencies in the crime lab's procedures could not have been discovered with due diligence because no one

5

had reason to suspect problems at the crime lab. That assertion is belied by [appellant's] postconviction submissions, which show that the defendant in the 2012 Dakota County case discovered the deficiencies.

*Id.* In this case, the record does not indicate that appellant made any effort to investigate the SPPDCL's test results. In fact, the record shows that appellant did not question the lab results, indicating that he did not exercise due diligence in questioning the validity of the test results before pleading guilty.

Moreover, it appears as though any evidence of the SPPDCL's testing problems would have only constituted impeaching evidence. "We will not grant a new trial on the basis of evidence that is merely impeaching." *Pippit v. State*, 737 N.W.2d 221, 228 (Minn. 2007). Although appellant argues that the evidence concerning the SPPDCL's procedures renders the evidence of the controlled substances inadmissible, he does not present evidence that the SPPDCL's deficiencies affected his particular case. Therefore it appears that the evidence regarding the SPPDCL's problems would be used to impeach a lab analyst on cross-examination, rather than precluding the evidence from being admitted. *See e.g.*, *Sentinel Mgmt. Co. v. Aetna Cas. & Sur. Co.*, 615 N.W.2d 819, 824-25 (Minn. 2000) (holding that alleged deficiencies in expert witness's procedures "went to the weight, rather than to the admissibility of his testimony.").

Under the newly-discovered-evidence exception, appellant also must show by clear-and-convincing evidence that he is innocent of the offense for which he was convicted. Minn. Stat. § 590.01, subd. 4(b)(2). "[T]o prove a claim by clear and convincing evidence, a party's evidence should be unequivocal, intrinsically probable and credible, and free from

6

frailties." *Riley v. State*, 819 N.W.2d 162, 170 (Minn. 2012) (alteration in original) (quotation omitted). Appellant's proffered newly discovered evidence consists of deficiencies at the SPPDCL. But appellant has not offered any evidence indicating that the seized controlled substance in his case is not what the SPPDCL said it was. Instead, he argues that "[w]ithout a valid, reliable laboratory analysis, the [s]tate cannot meet its burden of proving that the item at issue contained controlled substances. Thus, this new evidence would probably produce a dismissal of the charges, an acquittal or a more favorable result on retrial."

Appellant has not demonstrated by clear-and-convincing evidence that he is innocent of the offenses for which he was convicted based on this speculative claim. *See Roberts*, 856 N.W.2d at 291-92 (holding that the appellant in *Roberts* did not demonstrate by clear-and-convincing evidence that he is innocent of the offense for which he was convicted because he did not offer evidence regarding the chemical composition of the substance and never claimed that the substance was not cocaine). At his plea hearing, appellant admitted that officers seized a substance from his vehicle that tested positive for methamphetamine. He further admitted to officers that he knew that the baggies of controlled substances were in the car and that he was aware the baggies contained controlled substances. Because appellant has failed to meet his burden of establishing that the new evidence regarding the SPPDCL could not have been discovered with due diligence or that it establishes his innocence by clear-and-convincing evidence, we find that the postconviction court did not abuse its discretion by concluding that this exception is not applicable to appellant's case.

7

**b.** *Interests of justice*

Appellant also asserts that his petition for postconviction relief was not time-barred because it satisfies the "interests of justice" exception. "[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Id*. at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5)). This exception has only been applied in exceptional situations. *Id*. To qualify for the "interests of justice" exception, a claim must have substantive merit and the petitioner must not have deliberately and inexcusably failed to raise the issue on direct appeal. *Id*. The court also weighs the degree to which each party is at fault for the alleged error, determines whether a fundamental unfairness to the defendant needs to be addressed, and decides if there is a necessity to protect the integrity of judicial proceedings.[2] *Id*.

In *Roberts*, this court stated that Roberts had the opportunity to investigate the validity of the test results. *Id*. at 293. His attorney did not refuse to investigate the reports, nor did the state hinder such an investigation. *Id*. By not investigating, Roberts was at fault for failing to discover the problems with the crime lab before he pleaded guilty. *Id*. This court went on to say that there was nothing fundamentally unfair about holding Roberts accountable for his choice to accept the state's scientific evidence and plead guilty. *Id*. Ultimately, this court held that the "interests of justice" exception did not apply to Roberts's petition. *Id*. at 293-94.

---

[2] This list of factors is nonexclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

For purposes of this issue, there is nothing significantly different about appellant's situation and the facts the court dealt with in *Roberts*. Like the appellant in *Roberts*, nothing hindered appellant's ability in this case to investigate the SPPDCL reports. Appellant simply chose to accept the state's evidence and pleaded guilty without questioning the validity of the reports. In fact, appellant, by accepting the plea deal offered by the state before receiving the results of the SPPDCL test, made the choice to accept the plea agreement offered by the State, regardless of the results of the laboratory testing of the evidence. Thus, appellant has not satisfied the elements of the "interests of justice" exception.

In sum, the two alleged exceptions to the two-year time bar are not applicable in appellant's case. The court therefore did not abuse its discretion by summarily denying appellant's postconviction petition as time-barred.

**2. Did the postconviction court abuse its discretion when it denied appellant's request for an evidentiary hearing?**

Appellant argues that "the postconviction court abused its discretion when it denied appellant's request for an evidentiary hearing where the facts asserted in the petition for postconviction relief demonstrate that he is entitled to relief." When a petition for postconviction relief is filed, "the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues" "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). "Any doubts about whether to conduct an evidentiary hearing should be resolved in favor of the defendant seeking relief." *Nicks*, 831 N.W.2d

9

at 504. The postconviction court's decision on whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167.

Appellant has not challenged the lab results or alleged that the controlled substance at issue was not methamphetamine. Instead, he pleaded guilty to one of the charged offenses and admitted that he had been in possession of a controlled substance. Thus, appellant has not shown that the postconviction court abused its discretion by denying his request for an evidentiary hearing.

**Affirmed.**